## HERMAN v. METAL OFFICE FURNITURE CO.

1. AUTOMOBILES—GUEST PASSENGERS—IMPUTED NEGLIGENCE.
   The negligence of a host motorist may not be imputed to his guest passenger so as to preclude recovery from defendant motorist with whose car host's vehicle collided.

2. APPEAL AND ERROR—IMPUTED NEGLIGENCE—REMAND—COSTS.
   Where verdict and judgment for defendant motorist in action by guest passenger of another motorist were predicated upon the imputed negligence doctrine, since reversed, judgment is

Negligence of driver not imputed to guest passenger, see 2 Restatement, Torts, p. 1266, topic 4; § 485; a guest is not barred from recovery for harm resulting from negligence of third person by the contributory negligence of his host, see § 490.

reversed as to such defendant and remanded for a new trial but without costs in either court to either plaintiff or such defendant.

3. AUTOMOBILES—GUEST PASSENGERS—BENEFIT TO MOTORIST.
When some benefit flows either from the passenger or from another to the driver or owner of an automobile or to his principal, the passenger is not a guest transported without payment therefor within the meaning of the guest act (1 Comp. Laws 1929, § 4648).

4. SAME—GUEST PASSENGER—BUSINESS GUEST—BENEFIT TO DECEDENT'S EMPLOYER.
Where contract between defendant furniture corporation and university, employer of plaintiff's decedent, had been executed some 10 month's before he received fatal accident while being driven in car belonging to employee of corporation and purpose of decedent's visit to corporation's factory was for university's sole benefit, decedent was a guest passenger transported without payment for such transportation and had no cause of action against the corporation or its employee for ordinary negligence of latter (1 Comp. Laws 1929, § 4648).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 17, 1946. (Docket No. 36, Calendar No. 43,425.) Decided April 8, 1947. Rehearing denied May 16, 1947.

Case by Edward M. Herman, administrator of the estate of Darwin Lindsay, deceased, against Metal Office Furniture Company, a corporation, Robert Waichum and Herbert Buwalda for damages resulting from death of plaintiff's decedent. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded as to defendant Waichum. Affirmed as to other defendants.

*Mitts & Smith,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendant Metal Office Furniture Company.

*Lilly, Luyendyk & Snyder,* for defendant Buwalda.

DETHMERS, J.    Plaintiff's decedent, Darwin Lindsay, was employed by Northwestern University at Evanston, Illinois, as administrative assistant to the dean of the Technological Institute.    In that capacity he was in charge of procuring furnishings and equipment for the new Technological Institute, which was then under construction.    Defendant Metal Office Furniture Company of Grand Rapids entered into a contract with the university on May 23, 1940, to furnish a large portion of such equipment.    The procedure followed under the contract was that, as the building of the new Institute progressed, Lindsay would consult with university department heads in regard to their needs in the new building, tabulate same, obtain the dean's approval, and cause orders therefor to be placed with the defendant company under the terms of the contract.    Following placement of an order, it was up to Lindsay to arrange for delivery as manufacture was completed and to determine whether the manufactured furniture was acceptable under the terms and specifications of the contract.

One of the orders under said contract had been placed on August 29, 1940.    On March 18, 1941, Lindsay travelled by train from Chicago to Grand Rapids with Carl Stith, district sales manager of the defendant company, for the purpose of visiting defendant company's plant and checking on samples and designs and to check furniture manufactured in accord with said order for conformance to the contract.    He had made several previous trips and apparently contemplated future trips for that same purpose.    Shortly before noon on March 20th, Lindsay and Stith desired to leave defendant company's offices to catch the noon train back to Chicago.    Stith asked George Ohland, a sales manager of defendant company, to drive them to the depot.    While Ohland customarily performed such services for customers,

he was busy at the time and therefore asked defendant Herbert Buwalda, a clerk in defendant company's main office who was not under Ohland's supervision, whether he would mind taking them to the depot in his own automobile. Buwalda replied that he was just leaving the office for lunch and would be glad to take them. It was not a part of Buwalda's job to transport customers or others, he was not paid to do so in this instance, and he did not use his automobile in his employment.

Lindsay and Stith got into the automobile with defendant Buwalda and as the latter drove toward the depot he became involved in an intersection collision with an automobile driven by defendant Robert Waichum, resulting in fatal injuries to Lindsay.

Plaintiff, as administrator of Lindsay's estate, brought suit. On trial, at the conclusion of plaintiff's proofs, the trial court directed a verdict for defendants Buwalda and Metal Office Furniture Company on the grounds that Lindsay was a guest passenger and that Buwalda was not acting within the scope of his employment at the time, and for defendant Waichum on the ground that the negligence of defendant Buwalda was imputable to his guest passenger, Lindsay, so as to preclude recovery against Waichum. From a judgment entered upon the verdict plaintiff takes a general appeal.

In view of our holding in *Bricker* v. *Green,* 313 Mich. 218 (163 A. L. R. 697), the negligence of defendant Buwalda may not be imputed here to his guest passenger, plaintiff's decedent. The verdict and judgment for defendant Robert Waichum, predicated upon the imputed negligence doctrine, is therefore reversed and the case as to this defendant remanded for a new trial. The verdict having been rendered prior to our decision in *Bricker* v. *Green,*

and this defendant not having contested this appeal, no costs are allowed in either court to either the plaintiff or defendant Robert Waichum.

Turning now to consideration of the case against defendants Metal Office Furniture Company and Herbert Buwalda, was plaintiff's decedent, Darwin Lindsay, a guest passenger in Buwalda's car? Plaintiff contends that some benefit accrued to these defendants by reason of the transportation of Lindsay to the depot, sufficient to distinguish the relationship between them from that existing between a host and his guest transported without payment therefor, as defined in the so-called Michigan guest act (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]). In furtherance of this contention, plaintiff cites *Thomas* v. *Currier Lumber Co.,* 283 Mich. 134; *McGuire* v. *Armstrong,* 268 Mich. 152 (36 N. C. C. A. 252); *Crook* v. *Eckhardt,* 281 Mich. 703; *Peronto* v. *Cootware,* 281 Mich. 664; *Hunter* v. *Baldwin,* 268 Mich. 106; *Cardinal* v. *Reinecke,* 280 Mich. 15. Each of these cases presented a situation in which there were proofs showing that for the transportation of the passenger some benefit flowed either from the passenger or from another to the driver or owner of the automobile or to his principal. When such is the fact, the passenger is not a guest transported without payment therefor.

Plaintiff particularly urges the applicability of the case of *Thomas* v. *Currier Lumber Co., supra,* to the facts before us. In that case the plaintiff, a contractor, was injured while being transported in an automobile owned and operated by an employee of the defendant lumber company to the latter's offices for the purpose of negotiating and concluding a contract between plaintiff and the president of the lumber company. The Court found as a fact that the contract or deal could not have been made or closed

without the conference between the plaintiff and the lumber company's president; that the contract would afford a benefit to the defendant lumber company that was dependent upon and flowed from such conference and plaintiff's transportation thereto; that such benefit to defendant in effect amounted to payment for plaintiff's transportation. Consequently, the Court held that plaintiff had not been a gratuitous guest passenger.

Appropriate to be remembered here is the language of Mr. Justice NORTH, speaking for the majority of the Court, in the case of *Bushouse* v. *Brom,* 297 Mich. 616, 627, as follows:

"But each case must be decided in the light of its own facts; and we think it is always important to ascertain, if possible, what it was that primarily motivated the undertaking."

What was the motivation of the undertaking in the instant case? Clearly not that of the *Currier Lumber Company Case,* for the reason that defendant company's acquisition of the contract, in the case at bar, was not dependent upon Lindsay's trip to Grand Rapids or his transportation to the depot. The contract had been negotiated almost a year before and the order on which Lindsay was checking had been placed some six months before. The purpose of Lindsay's trip to Grand Rapids was to check on samples and designs and on manufactured furniture for conformance to the terms and specifications of the contract. This was for the benefit of his employer, not for the benefit of the defendants.

The fact, stressed by plaintiff, that the contract was not completely executed and that it would be necessary for Lindsay to make future trips to Grand Rapids for the same purpose affords no basis for plaintiff's contention that some benefit accrued to defendants by reason of Lindsay's transportation

to the depot. The record is devoid of proof that anything Lindsay did while in Grand Rapids or intended to do on future trips there was or would be of any benefit to defendants or that they were benefitted in any way by reason of his transportation to the depot. Lindsay was a guest passenger transported without payment for such transportation. In consequence, the plaintiff has no cause of action against defendants Buwalda and Metal Office Furniture Company for damages arising out of ordinary negligence.

Our holding in this respect leaves a consideration of other questions presented unnecessary.

Verdict and judgment for defendants Herbert Buwalda and Metal Office Furniture Company are affirmed, with costs to said defendants.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.