[No. 35665. Department Two. March 17, 1961.]

ELSIE ABEL, *Appellant*, v. THE FIRS BIBLE AND MISSIONARY CONFERENCE *et al.*, *Respondents*.[1]

[1] Reported in 360 P. (2d) 356.

*Richard J. Waters,* for appellant.

*McCush & O'Connor* by *Edward B. O'Connor* and *Livesey, Kingsbury & Livesey* by *George Livesey, Jr.,* for respondents.

MALLERY, J.—This action, tried to a jury, was brought to recover damages for personal injuries suffered in an automobile accident.

The trial court granted a motion to dismiss the action at the close of plaintiff's case upon the ground of insufficiency of the evidence. The plaintiff appeals.

The respondent The Firs Bible and Missionary Conference (hereinafter referred to as the Firs), among other activities, operated a ski lodge on Mt. Baker. A Mr. Walton was in charge of this operation for the Firs.

Construing the evidence and the inferences in favor of the appellant, as we must, it appears that the Firs employed her to work at the ski lodge as a cook on the week end of February 21-22, 1959. The employment agreement included the obligation of the Firs to furnish transportation from her home in Bellingham to the ski lodge and return. Mr. Walton had brought her to the lodge in the Firs' pickup truck, but, at the end of the week end, the pickup truck was not large enough to return all of the lodge personnel to town in one trip, so Walton solicited a volunteer, who would transport an employee back to Bellingham, from among the guests at the lodge. Respondent Martin volunteered. Walton designated the appellant as the particular employee to return to Bellingham with Martin.

Martin and appellant started down the mountain and, prior to reaching a hairpin turn where the accident occurred, the appellant warned Martin of the danger of the road and that he was driving too fast. He assured her the automobile had on chains and there was no danger. He did not slow down at the hairpin turn, and his automobile left the road producing the injuries here in question. Gross negligence or intoxication is not asserted.

RCW 46.08.080, the host-guest statute, provides, *inter alia*:

"No person transported by the owner or operator of a motor vehicle as an *invited guest* or licensee, *without payment for such transportation*, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication . . . " (Italics ours.)

 This statute is intended for the benefit of operators of motor vehicles and is a bar to an action by a guest for ordinary negligence. The relationship between the appellant and respondent Martin was that of host and guest because he had volunteered the transportation and had neither expected nor received any payment or benefit of any kind in return. The court was correct in giving him the benefit of the statute by dismissing the action against him.

We reach a different result in the appellant's action against the other respondent, the Firs. It was contractually obligated to furnish the transportation to her, and it performed its contractual duty by procuring transportation for her with a volunteer. Appellant had earned both her wages and her transportation by her labor. It was no concern of hers what, if anything, the Firs was out of pocket in furnishing her the promised transportation.

 The liability of the Firs is not changed simply because it accomplished what it was obliged to do by a volunteer instead of a paid agency. The determinative fact is that respondent Martin performed the Firs' contract for it. His act was its act. *Qui facit per alium facit per se* is among the traditional bases for finding the existence of an agency. Sometimes the right of control is considered as evidence in resolving a dispute as to the person for whom an act is performed. While agency can be inferred from the right of control, it is still only evidence of an agency. Here there is no dispute that the act in question was performed in fulfillment of the Firs' contract. When the maxim *qui facit per alium facit per se* is clearly applicable, an agency is established without reference to the right of control. A volunteer can be an agent and his acts can bind the principal if performed within the scope of his authorization.

■ This case presents a rare situation for, while an agent is ordinarily liable for his o w n negligence, respondent Martin enjoys immunity for ordinary negligent driving under the host-guest statute. This immunity of the statute, however, is not available to the Firs because it cannot bring itself within the statutory provisions. If it had transported appellant in its own truck, it would not have been *transportation without payment*, while, under the facts of this case, the Firs was not the *owner and operator of the automobile* involved in the accident to whom the statutory immunity applies. This leaves respondent Martin as the agent of the Firs and makes it liable for his ordinary negligence, notwithstanding his immunity from liability under a statute that is not available to it.

The judgment of dismissal is affirmed as to respondent Martin, and is reversed and remanded for a new trial as to the Firs.

Respondent Martin will recover his costs. As to the Firs, the costs will abide the final judgment.

FINLEY, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.

May 3, 1961. Petition for rehearing denied.