## COTE v. LAZARUS.

### LAZARUS v. COUVREUR.

1. Automobiles—Negligence—Guest Passenger Statute.
   No person transported by the owner or operator of a motor vehicle without payment for his transportation has an action against the owner or operator for injury or other loss resulting from an accident unless the accident was caused by the gross negligence or wilful and wanton misconduct of the owner or operator (CLS 1961, § 257.401).

2. Same—Negligence—Guest Passenger—Right of Contribution.
   To allow a defendant, in an action by a passenger in another car in an accident with the defendant, to obtain contribution from the host driver who is not directly liable to his passenger because not guilty of gross negligence, would subvert the purpose of the guest passenger statute, and therefore dismissal of a third-party action for contribution in which no claim of gross negligence was made was proper (CLS 1961, § 252.401).

Appeal from Oakland, Templin (Robert L.), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 3,545.) Decided July 23, 1968.

Complaint by Elizabeth Cote and Charles Cote against Josephine A. Lazarus, executrix of the will of Virgil Emmett Lazarus, deceased, for injuries resulting from an automobile collision between au-

---

References for Points in Headnotes

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 471 et seq.
Automobiles: liability of owner or operator for injury to guest, 20 ALR 1014, s. 26 ALR 1425, 40 ALR 1338, 47 ALR 327, 51 ALR 581, 61 ALR 1252, 65 ALR 952.

tomobile in which Elizabeth Cote was a passenger and one operated by Virgil Emmett Lazarus. Action by defendant for contribution against Hector M. Couvreur, plaintiff's driver. Action for contribution dismissed. Defendant appeals. Affirmed.

*Metry, Metry, Sanom, Ashare & Goldman* (*Thomas C. Schrader,* of counsel), for defendant Josephine A. Lazarus.

*Hartman, Beier, Howlett & McConnell,* for third-party defendant Hector M. Couvreur.

McGREGOR, P. J.  A head-on collision occurred on a city street in a southeastern Michigan suburban community, between automobiles owned by Hector M. Couvreur and Virgil Lazarus. The collision resulted in serious injuries to all occupants of the colliding vehicles, including fatal injuries to Virgil Lazarus.

Elizabeth Cote, a passenger in the Couvreur auto, brought suit against the estate of Virgil Lazarus. This appeal is from the trial court's dismissal of a third-party action of the estate of Lazarus for contribution against Hector Couvreur, owner of the host vehicle in which Elizabeth Cote was the guest passenger.

Michigan's guest passenger statute, CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101), reads in part:

"Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and

wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

Because there was no claim of gross negligence or wilful or wanton misconduct on the part of the host driver, a direct action against the host driver would have resulted in a summary dismissal under the guest passenger statute.

While there are no Michigan appellate decisions on the precise point of contribution against a host driver in an automobile collision, in the absence of the statutorily required degree of misconduct, the trial court's decision is within the general rule. As stated in 18 Am Jur 2d, Contribution, § 49, p 72:

"And it is obvious that there is no common liability between drivers involved in an automobile accident to a passenger in the car of one of them where the driver of such car is protected from suit by the injured person by a guest statute. (Footnotes omitted.)"

To allow a third party action in this case would render the guest passenger statute a ridiculous appendage to the legislative code. This Court will not allow by indirection what the legislature has directly prohibited.

Affirmed. Costs to appellee.

J. H. GILLIS and A. C. MILLER, JJ., concurred.