GIFFORD *v.* EVANS

1. AUTOMOBILES—GUEST PASSENGER ACT—PURPOSES.

The purposes of the guest passenger act are to prevent fraud and collusion between friendly passengers and drivers where the real liability would be on the driver's insurance carrier, to protect the general public from high insurance rates which might otherwise result, and to encourage the assistance of travelers and those in need of a lift (MCLA § 257.401).

REFERENCES FOR POINTS IN HEADNOTES

[1, 5–7, 9] 8 Am Jur 2d, Automobiles and Highway Traffic § 471 *et seq.*
[2] 50 Am Jur, Statutes § 402.
[3, 4] 50 Am Jur, Statutes §§ 303 *et seq.*, 358.
[8, 10] 53 Am Jur 2d, Master and Servant § 417 *et seq.*

2. Statutes—Construction—Derogation of Common Law.
    Statutes in derogation of the common law must be strictly construed.

3. Statutes—Construction—Statute's Purpose.
    A statute must be read as a whole and interpreted in accordance with its purposes, rather than by extracting a restricted interpretation which would create a distortion of the statute's purpose.

4. Statutes—Circumvention of Statutes—Judicial Policy.
    Circumvention of statutes is looked upon with extreme disfavor by courts; courts will not permit indirect attainment of that which is prohibited directly by provisions of a statute.

5. Automobiles—Guest Passenger Act—Driver's Employer's Liability—Respondeat Superior—Ordinary Negligence.
    The guest passenger act prohibits an action by a guest passenger against an owner-driver's employer based on the doctrine of *respondeat superior*, even though the guest passenger's injury occurred while the employee was acting in the course of his employment, where the employee was guilty of only ordinary negligence, because to allow such an action would render the act ineffective as a measure to abolish collusive actions (MCLA § 257.401).

6. Automobiles—Guest Passenger Act—Driver's Employer's Liability—Respondeat Superior—Ordinary Negligence.
    The purposes of the guest passenger act require that a guest passenger of an owner-driver be precluded from recovery against the owner-driver's employer on the basis of the doctrine of *respondeat superior* for injuries where the employee is guilty of only ordinary negligence, even though the employee was acting in the course of his employment, because the employer's liability can be removed only upon sustaining the almost impossible burden of proving collusion between the guest passenger and the employee, collusion is not deterred by the employer's right of indemnification from the employee since the burden of payment falls upon the employee's insurance carrier who can be relieved only by proving collusion, and because encouraging assistance to travelers is best affected by eliminating fear of legal consequences from gratuitous acts altogether (MCLA § 257.401).

7. Automobiles—Driver's Employer's Liability—Benefit to Employer.
    Liability will not be imputed to an employer for injury to a

guest passenger of a driver employee caused by the employee's
ordinary negligence where no benefit flows to the employer
as a result of the gratuitous gesture of the employee's trans-
porting the guest passenger.

8. MASTER AND SERVANT—RESPONDEAT SUPERIOR—EMPLOYER'S LIA-
BILITY.

An employer cannot be liable for an act of his employee if the
employer himself would not have been liable in performing
the same act, because the doctrine of *respondeat superior* pro-
vides in essence that the act of an employee during the course
of his employment is legally the act of the employer.

9. AUTOMOBILES—GUEST PASSENGER ACT—GROSS NEGLIGENCE—ORDI-
NARY NEGLIGENCE.

Defendant driver, in an action under the guest passenger act
was, as a matter of law, guilty, at the most, of ordinary
negligence where the testimony viewed most favorable to the
plaintiff showed that the accident occurred solely because the
driver was not as watchful as she should have been as she
started into the intersection; the evidence did not establish a
*prima facie* showing of gross negligence (MCLA § 257.401).

10. MASTER AND SERVANT — RESPONDEAT SUPERIOR — WILFUL AND
WANTON MISCONDUCT.

An employer cannot be held vicariously liable under the doctrine
of *respondeat superior* for the wilful and wanton misconduct
of an employee done beyond the scope of the master's busi-
ness; the wrong may constitute a personal tort of the servant,
but the master is not responsible.

Appeal from Kalamazoo, Lucien F. Sweet, J.
Submitted Division 3 June 8, 1971, at Grand Rapids.
(Docket No. 10577.)    Decided August 24, 1971.
Leave to appeal denied, 386 Mich 773.

Complaint by Joyce Gifford and Lee Gifford
against Shirley Evans and St. Joseph-Benton Har-
bor Memorial Hospital Association to recover for
personal injuries and loss of consortium as a result
of an automobile accident.   Defendant hospital's
motion for summary judgment granted.   Plaintiffs
appeal.   Affirmed.

*Howard & French* and *Wickett, Erickson & Beach,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone*), for defendant St. Joseph-Benton Harbor Hospital Association.

Before: R. B. Burns, P. J., and Fitzgerald and J. H. Gillis, JJ.

Fitzgerald, J. This is an appeal as of right by plaintiff Joyce Gifford to recover for personal injuries, and by her husband, Lee Gifford, to recover damages for loss of consortium as a result of an automobile accident. Plaintiff was a passenger in an automobile driven by defendant Shirley Evans, an employee of codefendant St. Joseph-Benton Harbor Memorial Hospital Association.

Counts 1 and 2 of the amended complaint alleged in substance that defendant Shirley Evans was acting in the scope of her employment at the time of the accident; that defendant Evans was guilty of acts or omissions which constituted negligence; that plaintiff has suffered and will suffer great pain and has expended and will expend large sums of money due to Shirley Evans' negligence; and finally, that, as a result of the doctrine of *respondeat superior,* defendant hospital is liable to plaintiff Joyce Gifford for her personal injuries and to her husband for loss of consortium.

Counts 3 and 4 of the amended complaint sought a similar recovery against both Shirley Evans and the hospital, alleging that defendant Evans was guilty of willful and wanton misconduct. Defendant hospital moved for and was granted summary judgment on all four counts in the amended complaint. Plaintiffs now appeal.

On October 21, 1965, plaintiff Joyce Gifford was a passenger in the automobile of defendant Shirley Evans. Both were returning from a luncheon meeting held at the Gull Harbor Inn for the Directors of Nurses of Southwestern Michigan hospitals. Prior to this date, defendant Evans had gratuitously offered to provide transportation to and from the meeting for Mrs. Gifford, an employee of the Watervliet Hospital.

Defense counsel stipulates that Shirley Evans was operating within the scope of her employment at the time of the accident. The collision occurred at the intersection of Highway M-89 and 37th Street when defendant Evans, after having stopped at the stop sign, proceeded onto Highway M-89 into the path of a vehicle operated by Virginia Ingraham.

There are two issues on appeal and each will be discussed separately. The first consideration involves the applicability of the Michigan Guest Statute; specifically, whether or not it serves to prohibit an action by a guest passenger against an owner-driver's employer based on the doctrine of *respondeat superior* where personal injuries resulted from the owner-driver's ordinary negligence.

MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101) reads in part:

"Provided, however, that no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle and unless gross negligence or willful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The rationale for the guest passenger act was explored by the Supreme Court in *Naudzius* v. *Lahr* (1931), 253 Mich 216, where the Court indicated its purpose was to prevent fraud and collusion between friendly passengers and drivers where the real defendant is an insurance company, to protect the general public from high insurance rates which might otherwise result, and to encourage the assistance of travelers and those in need of a lift.

Plaintiffs argue that there is nothing in the statute or in Michigan law which prevents a guest passenger from suing the driver's employer under the doctrine of *respondeat superior* and that a strict construction of the statute necessarily requires a limited application of the statute since it is in derogation of the common law. They further maintain that extension of the guest passenger immunity in no way furthers the purposes of the statute as previously outlined in *Naudzius*.

Plaintiffs reason that there is little likelihood of a collusive suit since no employee would expose his employer to liability at the risk of jeopardizing his employment. In addition, the right of indemnity of employer against employee eliminates any benefit derived as a result of fraudulently constructing a collusive suit. Plaintiffs further contend that no liability would rest with the employer where a collusive action was manufactured since a collusive intent would remove an employee from the scope of his employment, thus eliminating the need for employer immunity under the guest passenger act. Finally, plaintiffs assert that extension of the statute will not encourage assistance to weary travelers because the employee could only assist those travelers which the employer has expressly or impliedly authorized.

The Supreme Court recognizes the well-established axiom that all statutes in derogation of the

common law must be strictly construed. It has also prudently determined that a statute must be read as a whole and interpreted in accordance with the purpose of the statute, rather than by extracting a restricted interpretation which would create a distortion of the purposes of the statute. *Balcer* v. *Leonard Refineries, Inc.* (1963), 370 Mich 531.

Plaintiffs' position (1) asserting the vicarious liability of defendant hospital and (2) interpreting the purposes of the guest statute relies primarily upon a Washington state case, *Abel* v. *The First Bible and Missionary Conference* (1961), 57 Wash 2d 853 (360 P2d 356). Plaintiffs also advance policy arguments stating why the hospital should not be afforded the benefit of immunity under the Michigan guest passenger act. *Abel* is clearly distinguishable from the instant case since the recovery granted to the injured passenger did not result in imputed liability to an employer resulting from the negligent operation of an employee's personal vehicle in the scope of his employment. Rather, it involved a volunteer driver who agreed to transport an employee to her residence in fulfillment of defendant's contractual obligation. For this reason *Abel* is not factually applicable.

We do not agree with plaintiffs that denial of recovery will distort the application of the guest statute and render the doctrine of *respondeat superior* meaningless. It is specious to contend that the likelihood of a collusive action against an employer is minimized by an employee's fear of losing his employment if the fraud were discovered. A greater deterrent than fear of losing employment is the risk of criminal conviction.

It is likewise unrealistic to consider the right of indemnification in the employer as a deterrent to a

potential fraud since employees usually have insurance which covers any liability arising out of the negligent operation of a motor vehicle. The financial burden incurred ultimately rests with the insurance company of the employee and, as previously indicated, one of the purposes of the guest passenger act is to prevent fraud and collusion between friendly passengers and drivers where the real defendant is the insurance company.

Therefore, allowing recovery from an employer would permit indirectly what is prohibited directly by the provisions of the statute. The courts have traditionally looked upon circumvention of statutes with extreme disfavor. *Heckathorn* v. *Heckathorn* (1938), 284 Mich 677. This case presents the rather anomalous circumstance wherein a party, advocating strict construction of an act, attempts to circumvent the purpose of the act by directly suing the employer of the immunized party. To permit this interpretation would clearly render the act totally ineffectual as a measure to abolish collusive actions.

The exercise of the employer's right of indemnity would protect his own interest while imposing ultimate liability on the negligent employee's insurance company. It is precisely this result that was sought to be avoided by the guest passenger act. *Cote* v. *Lazarus* (1968), 12 Mich App 390.

Plaintiffs urge that no purpose exists for extending the guest passenger act to defendant hospital because the act of collusion itself would remove the employee from the scope of employment and thus render the employer free from liability. However, they do not mention the fact that in so doing, the burden of establishing collusion, an almost impossible task, still remains with the employer. This

is contrary to one of the primary purposes of the guest passenger act which is to free the defendant's insurance company from potentially collusive actions and from having to sustain the burden of establishing collusion in order to avoid judgment against it.

Plaintiffs indicate the assistance of travelers is discouraged by extending the immunity of the guest passenger act to employers. If anything, extension of the guest statute will encourage assistance to travelers by eliminating the fear of legal consequences resulting from gratuitous acts of generosity.

Examination of relevant case authorities supports the proposition that the Michigan guest passenger act prohibits an action by a guest passenger against a driver's employer based on the doctrine of *respondeat superior*.

Defendants assert that this identical issue was litigated in *Herman* v. *Metal Office Furniture Co.* (1947), 317 Mich 185. In *Herman*, plaintiff's decedent was visiting defendant during a sales call and at the conclusion of the visit was driven to the train depot by an employee, a duty customarily performed by the sales manager, who was otherwise occupied at the time. As a result of the ordinary negligence of the employee in the operation of his personal car, an accident occurred causing injuries which resulted in the death of plaintiff. Finding that plaintiff's decedent was a guest passenger in the employee's car at the time of the accident, the Supreme Court squarely held that as a matter of law plaintiff had no cause of action against either the employee or the employer for ordinary negligence, stating as follows at page 191:

"Lindsay was a guest passenger transported without payment for such transportation. In conse-

quence, the plaintiff had no cause of action against defendants Buwalda and Metal Office Furniture Company for damages arising out of ordinary negligence."

Though the holding clearly supports defendants' argument, there is some doubt as to whether or not the doctrine of *respondeat superior* was fully litigated in the *Herman* case. The language of the *Herman* court is not directly dispositive of the issue of *respondeat superior* because the employee was not acting within the scope of his employment. Instead, defendant Metal Office Furniture Co. was exempt from imputed liability due to the absence of any benefit flowing to it as a result of the transportation provided to plaintiff's decedent by defendant's employee. Analysis of the instant case clearly indicates that defendant hospital was not benefitted at all by the gratuitous gesture of defendant Evans in transporting Mrs. Gifford to and from the luncheon. Consequently, *Herman, supra,* may be cited as controlling precedent on that issue alone. See *Thomas* v. *Currier Lumber Co.* (1938), 283 Mich 134, for a *contra* holding where it was determined that a benefit did accrue to the defendant, thus resulting in imputed liability to the employer.

*Respondeat superior* provides in essence that the act of an employee during the course of his employment is legally the act of the employer. Defendants persuasively argue that an employer can not be liable for an act of his employee if the employer himself would not have been liable in performing the same act. Defendants cite *Nicholson* v. *City of Detroit* (1902), 129 Mich 246, wherein this proposition was explicitly indicated in the following language on page 255 of the opinion:

"It is manifest that one cannot be held liable under an application of the rule of *respondeat superior*

where he would not be liable for the same act of negligence if done by himself, and notwithstanding his agent may be liable personally."

See, also, *Boos* v. *Sauer* (1934), 266 Mich 230.

This Court is not unaware of the plethora of cases cited by plaintiffs in support of their contention that plaintiffs are entitled to recovery. However, all those cases involve foreign jurisdictions and every case deals with the issue of whether or not an employer is immune from liability for injuries sustained by one spouse as a result of the actions of another spouse during the course of employment. However, the weight to be accorded these opinions is minimal in view of a recent Michigan Supreme Court case, *Hosko* v. *Hosko* (1971), 385 Mich 39, which abolishes the doctrine of interspousal immunity in Michigan.

The facts of this case do not suggest an unwarranted extension of the guest passenger act and fall within the holding indicated in *Nicholson*. Thus, we affirm the trial court's holding that plaintiff is barred by the guest passenger act from recovering any damages whatsoever against defendant employer as a result of ordinary negligence on the part of the employee.

The second issue in this case is whether or not the trial court erred in holding that defendant employer was entitled to summary judgment as a matter of law with respect to those counts alleging gross negligence or willful and wanton misconduct on the part of the employee.

Plaintiffs contend that the grant of summary judgment to defendant hospital, on plaintiffs' counts alleging willful and wanton misconduct of the hospital's employee, cannot reasonably be inferred from the provisions of the guest passenger act as outlined,

*supra,* since it is violative of the common law right of an injured party to sue the wrongdoer's employer under the theory of *respondeat superior.* Further, plaintiffs contend that defendant hospital is liable even though defendant Evans was not acting within the scope of her employment.

We do not agree that the grant of summary judgment regarding counts 3 and 4 to defendant hospital abrogated plaintiffs' common law right to assert a cause of action under the theory of *respondeat superior.* It is incorrect to assume that the summary judgment as to counts 3 and 4 is an extension of the immunity provided by the guest passenger act. Plaintiffs have not met the burden of establishing a *prima facie* case of willful and wanton misconduct. *Brooks* v. *Haack* (1965), 374 Mich 261. Defendant hospital was clearly entitled to summary judgment as a matter of law.

The proper test in determining willful and wanton misconduct originated with *Peyton* v. *Delnay* (1957), 348 Mich 238, where the Court stated at page 248:

"Ordinary negligence does not signify the wantonness or wilfulness that are necessary elements of gross negligence, which, however, does include ordinary negligence combined with a wilful and wanton disregard for public safety."

Soon after, in *Stevens* v. *Stevens* (1959), 355 Mich 363, a unanimous Supreme Court, in a comprehensive examination of the concept of gross negligence and willful and wanton misconduct *vis-a-vis* the guest passenger act, established a definitive test to be applied, stating at page 371:

"It [willful and wanton misconduct] is imposed because the conduct, usually made up of the sum total of these factors, manifests a high degree of danger, a manifest probability that harm will result

therefrom, and an utter disregard of the probable consequences."

These propositions were cited as predominant authority by the Supreme Court in passing upon willful and wanton misconduct in *Anderson* v. *Gene Deming Motor Sales, Inc.* (1963), 371 Mich 223.

*Brooks, supra,* further substantiated the necessity of not only considering the totality of the circumstances in arriving at a determination of willful and wanton misconduct, but also requiring that the circumstances involved present sufficient proof that defendant's behavior and conduct exceed that which arises out of mere ordinary negligence. The court stated at page 265:

"The thread which seems to run through all is a showing that the driver had 'an affirmatively reckless state of mind with intent to depart from careful driving.' "

A 1962 Supreme Court ruling, *Hindes* v. *Heyboer* (1962), 368 Mich 561, involved a factual situation identical to the instant case with the exception that defendant driver had been drinking. Trial resulted in judgment for an injured guest passenger from which appeal was taken. On appeal, the Supreme Court reversed as a matter of law, stating as follows, beginning at page 566:

"An examination of the record fails to disclose that Miss Hastings ignored warnings of passengers, drove at an excessive rate of speed, or displayed any other actions from which a jury could reasonably find she was guilty of wilful or wanton misconduct constituting gross negligence. *Perhaps she was not as watchful as she should have been as she started to enter the intersection. This mere failure or inadvertence or lack of care is, at most, ordinary negligence.*" (Emphasis supplied.)

A comparison of the above cases with the facts of the instant case clearly establishes that the most favorable testimony for plaintiffs in this case will show that the accident occurred solely because Shirley Evans, at most, "was not as watchful as she should have been as she started to enter the intersection. This mere failure or inadvertence or lack of care is, at most, ordinary negligence." *Hindes, supra,* p 566.

Finally, plaintiffs contend that defendant hospital is liable even for the willful and wanton misconduct of its employee if the employee was serving the master at the time and was thus in the scope of her employment. They cite *Cook* v. *Kinzua Pine Mills Co.* (1956), 207 Or 34, 63 (293 P2d 717, 730), for the proposition that an employer may be held liable for the willful and wanton misconduct of an employee.

The Supreme Court said in *Anderson* v. *Schust Co.* (1933), 262 Mich 236, 240:

"The true rule is that for a positive wrong by a servant beyond the scope of the master's business intentionally or recklessly done, the master cannot be held liable. *Such acts may constitute personal torts of the servant, but the master is not responsible.*" (Emphasis supplied.)

Defendant St. Joseph-Benton Harbor Memorial Hospital, has, as a matter of law, no liability to the plaintiffs for the gross negligence or willful and wanton misconduct of Shirley Evans giving rise to the plaintiffs' claim.

We affirm the trial court's decision in granting defendant hospital's motion for summary judgment as to counts 3 and 4. Costs to appellee.

All concurred.