LONGNECKER v NOORDYK-MOONEY

1. AVIATION—GUEST PASSENGERS—STATUTES.

No passengers are guests, under the terms of the statute limiting liability for guest passengers in an aircraft, when a dealer demonstrates or tests his aircraft for sales or business reasons (MCLA 259.180a).

2. AVIATION—GUEST PASSENGERS—STATUTES.

A passenger is a guest, under the terms of the statute limiting liability for guest passengers in an aircraft, when a dealer is on a business flight and invites along the passenger without intentions of demonstrating the aircraft to the passenger or testing it (MCLA 259.180a).

3. AVIATION—GUEST PASSENGERS—TAX REGULATIONS.

Tax regulations do not control the classification of aircraft passengers as guests or otherwise.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 December 8, 1972, at Grand Rapids. (Docket No. 13186.) Decided March 27, 1973. Leave to appeal granted 390 Mich 777.

Complaint by William Longnecker and Marjorie Longnecker against Noordyk-Mooney, Inc., and Stuart P. Noordyk for damages resulting from an aircraft accident. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Warner, Norcross & Judd* (by *Roger M. Clark),* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone),* for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 8 Am Jur 2d, Aviation §§ 81, 83.

Before: T. M. Burns, P. J., and Holbrook and Van Valkenburg,[*] JJ.

Holbrook, J. Plaintiff William Longnecker was a passenger in an airplane owned by defendant-appellee Noordyk-Mooney, Inc., an aircraft dealership, and piloted by defendant-appellee Stuart P. Noordyk when the plane crashed on landing October 8, 1966. Joined by his wife, Mr. Longnecker sued defendants for injuries arising out of the crash. After the trial judge ruled that Mr. Longnecker was a "guest passenger" under the terms of MCLA 259.180a; MSA 10.280(1), the case was submitted to the jury, over the plaintiffs' objection, on a standard of "gross negligence or wilful and wanton misconduct" rather than ordinary negligence.[1] The jury returned a verdict for defendants and plaintiffs now appeal the ruling of the trial judge finding Mr. Longnecker a "guest passenger" as defined by MCLA 259.180a(2);. MSA 10.280(1)(2).

The specific portion of MCLA 259.180a(2); MSA 10.280(1)(2) in contention here reads as follows:

---

[*] Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The relevant section reads:

"The owner or operator or the person or organization responsible for the maintenance or use of an aircraft shall be liable for any injury occasioned by the negligent operation of the aircraft, whether the negligence consists of a violation of the provisions of the statutes of the state, or in the failure to observe ordinary care in the operation, as the rules of the common law require. No person transported by the owner or operator or the person responsible for the maintenance or use of any aircraft as a guest without payment for such transportation shall have a cause of action for damages against the owner or operator or person responsible for the maintenance or use of the aircraft for injury, death or loss, in case of accident, unless the accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator or the person responsible for the maintenance or use of the aircraft, and unless the gross negligence or wilful and wanton misconduct of the owner or operator or the person responsible for the maintenance or use of the aircraft contributed to the injury, death or loss for which the action is brought." MCLA 259.180a(1); MSA 10.280(1)(1).

" 'Guest' means any person * * * except any passenger while the aircraft is being used in the business of demonstrating or testing."

Plaintiffs contend that the key to the excerpt above is the phrase "business of demonstrating", *i.e.,* as long as the defendants were in the "business of demonstrating" aircraft for retail sales, "any passenger" could not be a guest in terms of the statute. Plaintiffs then go on to argue that defendants were in the "business of demonstrating", thereby excluding Mr. Longnecker from the guest category.

Plaintiffs treat the definition of "guest" in segments, thereby placing primary emphasis on the words "used in the business of demonstrating or testing" to support their claim. The language, they argue, was not meant to only provide an exemption for any passenger in an aircraft *"while * * * being used in * * * demonstrating or testing"*. Plaintiffs further claim that if that latter meaning was intended the Legislature could have chosen the words " * * * while the aircraft is being used for demonstration purposes". While we acknowledge that the Legislature might have written the statutory definition in such a way as to avoid the issue being raised here, we still have little difficulty in recognizing what seems to us to be the Legislature's obvious purpose in passing this legislation, and that purpose is to exempt from the guest-passenger classification those passengers in an aircraft *"while* the aircraft is *being used* in * * * demonstrating or testing"*. Therefore, we hold that when a dealer demonstrates or tests his aircraft for sales or business reasons, no passengers are guests. On the other hand, when a dealer is on a business flight and invites along a passenger without intentions of demonstrating or testing

the aircraft to the passenger, the passenger is a guest under the terms of the statute.

We note in passing that guest-passenger statutes are in derogation of the common law and are therefore to be strictly construed in light of their policies. *McCann v Terhune,* 12 Mich App 364 (1968). No case has yet specifically recognized the policy reasons behind the aircraft guest-passenger exception, but cases decided with reference to the motor-vehicle guest-passenger statute, MCLA 257.401; MSA 9.2101, are sufficiently analogous to guide our discussion here. Indeed, except for the aircraft statute's separate definition of the term "guest", the two statutes are substantially identical in content. The policies behind the motor-vehicle guest-passenger statute were most recently enunciated in *Gifford v Evans,* 35 Mich App 559, 564 (1971), *leave den,* 386 Mich 773 (1971), and are equally applicable to the aircraft statute in question here:

"The rationale for the guest passenger act was explored by the Supreme Court in *Naudzius v Lahr,* 253 Mich 216 (1931), where the Court indicated its purpose was to prevent fraud and collusion between friendly passengers and drivers where the real defendant is an insurance company, to protect the general public from high insurance rates which might otherwise result, and to encourage the assistance of travelers and those in need of a lift."

While these policies would be sustained by our interpretation of the statute, they would not be by plaintiffs' interpretation. For plaintiffs' statutory construction would mandate the classification of all passengers as non-guests if the aircraft owner or operator was in the business of demonstrating or testing, irregardless that a particular flight was not a demonstration or test flight. If anything, this

would enhance the opportunity for conspiracies to fraudulently acquire insurance monies between aircraft owners or operators and guests.

The potentiality for such fraud is no better exemplified than in the circumstances of this case. Defendant Noordyk was flying to Muskegon to pick up a sign for his business, and he invited Longnecker, his neighbor, to accompany him. Plaintiff testified that he went on the ride because he thought he would enjoy it, that he had no interest in buying the plane, and that he paid Noordyk nothing for the flight. Now were we to accept plaintiffs' analysis as to when application of the guest classification is required, plaintiff William Longnecker would not be a guest, since admittedly defendants are in the business of demonstrating aircraft as part of the aircraft-dealership operation. Yet certainly this factual situation presents a situation ripe for illicit collusion between Noordyk and the injured plaintiff, who would normally be called a "guest". Our interpretation denies opportunity for such collusion, since we find that the aircraft was not being demonstrated or tested on the particular flight in question, and therefore the injured plaintiff was a guest under the terms of the statute. Thus, the primary policy behind the aircraft guest-passenger statute is buttressed by our analysis.

Plaintiffs argue also that since Noordyk-Mooney, Inc., declared that its purchase of the aircraft used here was exempt from sales tax, and since it paid no use tax when the aircraft was flown, the only permissible use which the company could have made of the aircraft was for demonstration or display. MCLA 205.51(1)(b); MSA 7.521(1)(b); MCLA 205.93; MSA 7.555(3); Administrative Code 1954, R 205.9; 1964–1965 AACS, R 205.62. While

we have doubts that plaintiffs' analysis of the tax regulations is correct, we need not reach that issue. Even if defendant Noordyk-Mooney, Inc., was somehow avoiding the payment of its legal tax burden, the tax regulations do not control the classification of aircraft passengers as guests or otherwise.

Affirmed, costs to defendants.

All concurred.