## LONGNECKER v NOORDYK-MOONEY, INC

Docket No. 54958. Argued May 8, 1974 (Calendar No. 7).—Decided
September 8, 1975. Application for rehearing filed September
23, 1975.

William Longnecker was injured when an airplane in which he
was riding crashed while landing. Mr. Longnecker had no
interest in buying the plane nor did he pay for the ride.
Longnecker and his wife brought an action against Noordyk-
Mooney, Inc., the owner, and Stuart P. Noordyk, the pilot, for
damages. Prior to trial plaintiffs asked the court to rule on Mr.
Longnecker's status as a passenger. The Kent Circuit Court,
George B. Boucher, J., ruled that he was a guest passenger and
that the question of ordinary negligence would not be submit-
ted to the jury. The trial resulted in a judgment of no cause of
action. The Court of Appeals, T. M. Burns, P. J., and Holbrook
and Van Valkenburg, JJ., affirmed (Docket No. 13186). The
Supreme Court granted leave to appeal to consider whether the
aviation guest passenger act, MCLA 259.180a; MSA 10.280(1),
conflicted with constitutional guarantees of equal protection of
the laws. Levin, J., in an opinion in which T. G. Kavanagh,
C. J., and Williams, J., concurred, *held* the statute unconstitu-
tional for the same reasons that the automobile guest passen-
ger statute was held unconstitutional in *Manistee Bank &
Trust Co v McGowan, ante,* 394 Mich 655; 232 NW2d 636 (1975):

1. The Equal Protection Clause, like the Due Process Clause, is a
guaranty that controls the reasonableness of governmental action.
What is reasonable is in each instance a matter of judgment.

2. The test to be applied in a case challenging a statutory
classification on equal protection grounds is also a matter of
judgment. Where the challenged statute carves out a discrete
exception to a general rule and the statutory exception is no
longer experimental, the substantial-relation-to-the-object test
should be applied; where all possible rationales have been
developed and it can no longer be claimed that the legislation
is experimental and as such entitled to deference to the legisla-

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 8 Am Jur 2d, Aviation §§ 81–84.

Liability for injury to guest in airplane. 12 ALR2d 656.

tive judgment, a court should not dismiss a constitutional challenge on the hypothesis that perhaps the Legislature also had other reasons for the law.

3. The aviation guest passenger exception is unconstitutional.

M. S. Coleman, J., in a dissent in which J. W. Fitzgerald, J., joined, would affirm for the reasons given in the dissent in *Manistee Bank & Trust Co v McGowan*. The plaintiffs have not met their burden of proving that the statute establishes a classification that is purely arbitrary, bearing no rational relationship to a permissible statutory objective. The statute is not unconstitutional as denying equal protection of the laws.

45 Mich App 595; 207 NW2d 163 (1963) reversed.

### OPINION OF THE COURT

1. AVIATION—GUEST PASSENGER ACT—GROSS NEGLIGENCE—CONSTITUTIONAL LAW.

    The aviation guest passenger exception which requires a guest passenger to prove gross negligence or wilful or wanton misconduct to recover damages for an aircraft accident is unconstitutional as violative of the Equal Protection Clause of the Michigan Constitution of 1963 (Const 1963, art 1, § 2; MCL 259.180a).

### DISSENTING OPINION

M. S. COLEMAN and J. W. FITZGERALD, JJ.

2. AVIATION—GUEST PASSENGER ACT—STATUTES—PUBLIC POLICY.

    *The public hearing process and widely available expertise peculiar to the Legislature should be employed to determine possible change in the public policy as enunciated in the aviation guest passenger statute; judicial amendment or abrogation is inappropriate (MCLA 259.180a).*

3. CONSTITUTIONAL LAW—EQUAL PROTECTION—CLASSIFICATION—AVIATION—GUEST PASSENGER ACT.

    *The aviation guest passenger act does not violate equal protection guarantees because the classification is rational on its face and the plaintiffs have failed to demonstrate that the act bears no rational relationship to a permissible statutory objective (MCLA 259.180a).*

4. AVIATION—GUEST PASSENGER ACT—WORDS AND PHRASES—GUEST.

    *No passengers are guests when a dealer demonstrates or tests his aircraft for sales or business reasons; on the other hand, when a dealer is on a business flight and invites along a passenger without intentions of demonstrating or testing the aircraft to*

*the passenger, the passenger is a guest under the terms of the
aviation guest passenger statute (MCLA 259.180a).*

5. AVIATION—GUEST PASSENGER ACT—GUEST.

*A plaintiff who was injured when an airplane crashed while
landing was a guest within the meaning of the aviation guest
passenger statute where the plaintiff had accompanied the pilot
on the flight, had no interest in buying the plane, and did not
pay for the ride (MCLA 259.180a).*

*Warner, Norcross & Judd* (by *Roger M. Clark*
and *Joseph M. Sweeney),* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells),* for defendants.

LEVIN, J. William Longnecker was injured as a
result of an accident which occurred while he was
a passenger in an airplane owned by defendant
Noordyk-Mooney, Inc. and piloted by defendant
Noordyk.

The trial court found that Longnecker was a
guest passenger within the meaning of the avia-
tion civil liability law[1] and "that, therefore, the
question of ordinary negligence will not be submit-
ted to the jury". A verdict of no cause of action
was returned by the jury.

The Court of Appeals affirmed. *Longnecker v
Noordyk-Mooney,* 45 Mich App 595; 207 NW2d 163
(1973).

Longnecker alleges that the exception for guest
passengers requiring proof of gross negligence or
willful and wanton misconduct is unconstitutional.

For the reasons expressed in *Manistee Bank &
Trust Co v McGowan, ante,* 394 Mich 655; 232 NW2d
636 (1975), we hold the aviation guest passenger
exception unconstitutional and remand this cause
for a new trial.

---

[1] MCLA 259.180a subds (1) and (2); MSA 10.280(1) subds (1) and (2).

Reversed and remanded for a new trial.

T. G. KAVANAGH, C. J., and WILLIAMS, J., concurred with LEVIN, J.

M. S. COLEMAN, J. Because plaintiffs have failed to demonstrate that the aviation guest passenger act is arbitrary or that it bears no rational relationship to a permissible statutory objective we affirm the Court of Appeals and the circuit court. The public hearing process and widely available expertise peculiar to the Legislature should be employed to determine possible change in the public policy as enunciated in this statute. Judicial amendment or abrogation is inappropriate.

Plaintiff William Longnecker was injured when an airplane owned by defendant corporation and piloted by defendant Noordyk crashed while landing. Defendant Noordyk had flown to Muskegon and Mr. Longnecker accompanied him. Mr. Longnecker had no interest in buying the plane nor did he pay for the ride.

The contested statute is MCLA 259.180a; MSA 10.280(1) which reads, in part:

"(1) * * * No person transported by the owner or operator or the person responsible for the maintenance or use of any aircraft as a guest without payment for such transportation shall have a cause of action for damages against the owner or operator or person responsible for the maintenance or use of the aircraft for injury, death or loss, in case of accident, unless the accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator or the person responsible for the maintenance or use of the aircraft, and unless the gross negligence or wilful and wanton misconduct of the owner or operator or the person responsible for the maintenance or use of

the aircraft contributed to the injury, death or loss for which the action is brought.

"(2) 'Guest' means any person other than an employee of the owner or registrant of the aircraft, or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same, except any passenger for hire and except any passenger while the aircraft is being used in the business of demonstrating or testing. The sharing of expense shall not constitute a carriage for hire within the meaning of this act."

Prior to trial plaintiffs asked the court to rule on Mr. Longnecker's status as a passenger. The court ruled that he "was a guest passenger and that, therefore, the question of ordinary negligence will not be submitted to the jury". The trial resulted in a judgment of no cause of action.

The Court of Appeals affirmed. 45 Mich App 595; 207 NW2d 163 (1973). In response to plaintiffs' argument concerning the definition of guest, the Court held

"that when a dealer demonstrates or tests his aircraft for sales or business reasons, no passengers are guests. On the other hand, when a dealer is on a business flight and invites along a passenger without intentions of demonstrating or testing the aircraft to the passenger, the passenger is a guest under the terms of the statute."

The Court said Mr. Longnecker was a guest under this holding.

Plaintiffs sought a rehearing claiming that the aviation guest passenger act conflicted with constitutional guarantees of equal protection of the laws. The motion was denied. We granted leave to appeal to consider the constitutional question.

For reasons stated in my opinion in *Manistee*

*Bank & Trust Co v McGowan,* 394 Mich 655; 232
NW2d 636 (1975) I believe that the aviation guest
passenger act does not violate equal protection
guarantees. Although the aviation statute does
differ textually from the guest passenger provision
in the motor vehicle code, the Court of Appeals
has properly defined a guest. We are convinced
that Mr. Longnecker was a guest within the mean-
ing of the statute and that such a classification is
rational on its face.

As in *Manistee Bank,* plaintiffs have not met
their "burden of proving that the statute estab-
lishes an irrational classification". Unlike *Alexan-
der v Detroit,* 392 Mich 30; 219 NW2d 41 (1974),
there has been no demonstration that the classifi-
cation is purely arbitrary, bearing no rational
relationship to a permissible statutory objective.

We compliment the attorneys in this case. The
cogency of the arguments, the clarity of the briefs,
the controlled but vigorous advocacy of positions
has made the Court's task easier. Both sides of the
issue have received excellent representation.

However, a decision must be made. Therefore,
we would affirm the Court of Appeals' finding that
Mr. Longnecker was a guest under the provisions
of MCLA 259.180a; MSA 10.280(1) and, in turn,
would affirm the trial court's judgment of no cause
of action. We do not, under the proofs presented,
find the statute unconstitutional as denying equal
protection of the laws.

Affirm the Court of Appeals.

J. W. FITZGERALD, J., concurred with M. S. COLE-
MAN, J.

SWAINSON and LINDEMER, JJ., took no part in
the decision of this case.