LONG v. CURTIS PUBLISHING CO.

MASTER AND SERVANT—DEPARTURE FROM ROUTE—TIME OF ACCIDENT—QUESTION FOR JURY.

Employer may not avoid liability for injuries to parties involved in an automobile accident with its employee's car because employee departed from route he was supposed to follow where accident occurred after return to route from departure involved in employee's visit to son nor because employee was making trip at a time other than that contemplated within his employment, where meeting in out-of-State city to which employee had been sent terminated by Saturday noon, Saturday afternoon and Sunday were employee's own time, and no specific instruction had been given him to return to post in this State other than to be there Monday morning, it being a question for the jury as to whether the employee at the time and place of the accident was acting within the scope of the employment, where charges made by employee for traveling expenses were made on the basis of railroad fare and no hotel expense was charged after noon on Saturday notwithstanding employee did not leave until Sunday morning.

Scope of employment rendering principal liable for torts of agent, see 1 Restatement, Agency, as to time, § 233; departure from route, § 234.

Appeal from Wayne; Webster (Arthur), **J.** Submitted October 10, 1940. (Docket Nos. 35, 36, Calendar Nos. 41,276, 41,277.) Decided December 10, 1940.

Separate actions of case by Earl Long and his wife Margaret Long against Forbes McKay and Curtis Publishing Company, a Delaware corporation, for damages resulting from an automobile accident. Verdict and judgments for plaintiffs. Defendant Curtis Publishing Company appeals. Affirmed.

*A. D. Ruegsegger,* for plaintiffs.

*Vandeveer & Haggerty (Fred L. Vandeveer,* of counsel), for appellant.

North, J. Plaintiffs, Earl Long and his wife, Margaret Long, each brought suit to recover damages resulting from an automobile accident alleged to have been caused by the negligence of defendant McKay who was an employee of the defendant Curtis Publishing Company. The two cases were simultaneously tried before a jury which rendered a verdict in favor of the respective plaintiffs; and judgments were entered thereon. At the close of plaintiffs' proofs and again at the close of all the proofs the defendant Curtis Publishing Company made a motion for a directed verdict. These motions were on the ground that at the time and place of the accident defendant McKay was operating his automobile for his own personal use and benefit, and not incident to his employment by the publishing company. It is from the denial of these motions that the Curtis Publishing Company has appealed.

The Curtis Publishing Company maintained an advertising office or department in the city of Detroit as a part of its business in publishing the Saturday Evening Post. This department was in charge of a Mr. Wade under whom defendant McKay worked in advertising research and in contacting clients or customers for advertising. In doing his work defendant McKay was required to go from place to place in contacting these clients or customers. In doing this he used his own automobile. For such use he was reimbursed by the Curtis Publishing Company on a mileage basis when using his car in the city of Detroit; but when he went on more extended trips, such as took him outside the State, McKay would render an expense account on the basis of railroad fare, Pullman expenses, et cetera. This practice was indulged in both by McKay and other employees of the publishing company and was with the full knowledge of McKay's superior, Mr. Wade.

On Thursday, October 15, 1936, McKay, driving his own automobile, left Detroit on a trip to Chicago for the purpose of attending a meeting of appellant's employees from its Cleveland, Chicago and Detroit offices. Among other things McKay was directed not only to attend the meeting but to take notes as to what occurred, to write up such notes, make a resume thereof and submit a report when he returned to Detroit. McKay reached Chicago on Thursday evening and attended the meeting Friday. Saturday morning he went to the Chicago office to make an examination of some files and to obtain some material which he desired in connection with his research work; and in the afternoon for approximately an hour he gathered some papers together and did some work in connection with the reports he was to prepare. By this time, so far as

his work was concerned, McKay was ready to start his return trip to Detroit. However, Saturday afternoons and Sundays were McKay's own time when he was at liberty to cease activities in behalf of his employer and pass the time as he saw fit. When he left Detroit on this trip there was no understanding nor did he have any directions from his employer as to how promptly he should return from the Chicago meeting, although it was expected he would be back in Detroit in time to enter upon his duties the following Monday morning. McKay had a son at this time attending the University at Evanston a short distance out of Chicago in a northerly direction; and after finishing the work above noted McKay left his Chicago hotel Saturday afternoon, drove to Evanston, and saw his son, but returned to the hotel in Chicago and stayed overnight. Again on Sunday morning McKay made a trip to Evanston visiting his son for a short time and thereafter started on his return to Detroit. His route took him back to Chicago and to the immediate vicinity of the hotel where he had been staying; from there he proceeded by US-12 about 10 o'clock Sunday morning, and after driving approximately 90 miles arrived at the place where the accident occurred, 10 or 12 miles southerly from St. Joseph. It was then approximately 2 o'clock in the afternoon. The details of the accident are unimportant, because the only question before us for review is, under the circumstances disclosed by the record, was there an issue of fact for the jury as to whether McKay at the time of the accident was driving his automobile in the business of his employer, the appellant?

Our review of this record leaves no doubt as to the primary if not the sole reason in consequence of which McKay made this trip to Chicago. Nor

is there any doubt that appellant intended McKay should return to Detroit in time to take up his duties Monday morning. No specific instruction was given McKay by his superior as to whether the return trip was to be made Saturday afternoon or Sunday. Apparently this was a matter of no concern to appellant nor was any instruction given McKay as to the route to be followed in going to or returning from Chicago. On this occasion, as on others of like character, McKay's use of his own automobile in carrying on appellant's business was left to the discretion of the employee, at least in a very large measure. We think the only fair conclusion sustained by this record is that McKay's visits to his son were at most mere incidents of his journey to and from Chicago in the business of appellant. The latter's liability cannot be avoided on the theory that McKay had departed from the route he was supposed to follow nor on the theory that he was making his trip at a time other than that contemplated within his employment.

While, as pointed out by appellant, McKay in his expense report made his charges on the basis of railroad fare, Pullman expenses, et cetera, from Detroit to Chicago and return; and made no charge against his employer for hotel expenses after noon on the Saturday in question, nonetheless it was correctly held that there was an issue of fact for determination by the jury as to whether at the time and place of the accident McKay was acting within the scope of his employment with appellant. *Nord* v. *West Michigan Flooring Co.,* 238 Mich. 669.

The judgments entered are affirmed, with costs of this Court to appellees.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.