### TEN BRINK *v.* MOKMA.

1. Master and Servant—Scope of Employment—Departure from Route—Time of Accident—Necessity and Purpose for Travel.

    Defendant employed in Cincinnati, Ohio, who was required by his employer to attend a meeting in Grand Rapids, but was given no specific instructions as to route or mode of travel, and who struck plaintiff's automobile near Holland, Michigan, before he reached the route to Grand Rapids with an automobile loaned to him by his father with whom he had spent the previous night, *held*, not to be outside the scope of his employment as a matter of law at the time of the accident.

2. Same—Scope of Employment—Necessity and Purpose for Travel.

    An employee is in the course of his employment at the time of an automobile accident if the work of his employer creates the necessity for travel, even though he may be serving at the same time some purpose of his own.

3. Same—Scope of Employment—Necessity and Purpose for Travel.

    An employee is outside the scope of his employment at the time of an accident if his work is merely incidental to the travel, and if the trip would not have been made but for his private purpose.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 35 Am Jur, Master and Servant § 577 *et seq.*

Appeal from Ottawa, Smith (Raymond L.), J. Submitted Division 3 March 6, 1968, at Grand Rapids. (Docket No. 3,520.) Decided August 28, 1968.

Complaint by Louis Harold Ten Brink and Alice Ruth Ten Brink against Donald Lee Mokma, Lawrence Mokma, and Continental Securities Company, Inc., a Michigan corporation, for automobile negligence. Summary judgment for defendant Continental Securities Company, Inc. Plaintiffs appeal. Reversed and remanded.

*Azkoul & Krupp,* for plaintiffs.

*Smith, Haughey & Rice,* for defendant Continental Securities Company, Inc.

QUINN, J. The trial judge granted defendant Continental Securities Company, Inc.'s motion for summary judgment filed pursuant to GCR 1963, 117.2(3) on the basis that defendant Mokma, an employee of Continental, was not within the scope of his employment at the time of the accident, hence the employer was not liable. On leave granted, plaintiffs appeal.

The sole issue is whether as a matter of law defendant Mokma was not within the scope of his employment at the time of the accident.

Defendant Mokma was employed by Continental at, and for some time prior to, the time of the accident. His place of employment was Cincinnati, Ohio, but he was required to attend semiannual meetings of Continental held in Grand Rapids, Michigan. Such a meeting was scheduled for 9:00 a.m., Monday, December 28, 1964, and to attend it, defendant Mokma rode with his brother-in-law from Cincinnati to Holland, Michigan, on December 27, 1964. Mr. Mokma spent the night with his parents in Hol-

land, and the next morning he started for Grand Rapids in his father's automobile. A short distance from the parents' home and before he reached the route to Grand Rapids, Mr. Mokma was involved in an accident from which this litigation resulted. Continental had not given Mr. Mokma any specific instructions as to route or mode of travel from Cincinnati to Grand Rapids.

Blashfield[1] states the test to be applied in determining whether the employee is within the scope of his employment at the time of the accident as follows:

"If the work of the employer creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. If, however, the work is merely incidental to the travel, and the trip would not have been made but for the private purpose of the servant, he is out of the scope of his employment in making it."

The Michigan Supreme Court adopted a similar test in *Long* v. *Curtis Publishing Co.* (1940), 295 Mich 494, on facts very similar to those present here. Applying that test to this record, it was error to grant summary judgment.

Reversed with costs to plaintiffs.

HOLBROOK, P. J., and McINTYRE, J., concurred.

---

[1] 5 Blashfield's Cyclopedia of Automobile Law and Practice (perm ed) § 3034, pp 374, 375.