KESTER v MATTIS, INC

1. Master and Servant—Dual-Purpose Doctrine—Disobedience of Servant No Defense to Tort Action.

Under the dual-purpose doctrine an employer may be liable for torts of his employee, even if the employee had disobeyed a specific instruction to remain at the place of his employment, where, having left, he was delivering the day's receipts to the employer's manager as well as returning to his home, and thereby subjected his employer to a liability for any tort committed while coming from work on a trip involving a service or benefit to the employer.

2. Master and Servant—Directed Verdict—Dual-Purpose Doctrine.

A directed verdict in favor of the defendant was error where the plaintiff had produced sufficient evidence that might justify a finding by a jury that the defendant's employee was acting within the scope of his employment, when while coming from work he was delivering the day's receipts of a gas station to the station manager, since the employee's trip involved a service of benefit to the employer and had a dual purpose.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 November 9, 1972, at Lansing. (Docket No. 13318.) Decided November 28, 1972. Leave to appeal denied, 389 Mich 783.

Complaint by Brenda G. Kester, administratrix of the estate of David P. Kester, against Mattis, Inc., for damages resulting from wrongful death. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded.

References for Points in Headnotes
[1] 53 Am Jur 2d, Master and Servant § 256 *et seq.*
[2] 53 Am Jur 2d, Master and Servant §§ 180–186.

*Walter L. Leech,* for plaintiff.

*Collison & Fordney,* for defendant.

Before: McGREGOR, P. J., and BRONSON and TAR-GONSKI,* JJ.

PER CURIAM. Plaintiff's decedent, a passenger, was killed in an auto accident when a car, driven by defendant's employee, strayed across the center line of the highway and struck head-on the car in which plaintiff's decedent was riding. In this wrongful-death action, plaintiff appeals from the lower court's granting of defendant's motion for directed verdict.

Viewing the facts in the light most favorable to the plaintiff, the testimony shows that at the time of the accident defendant's employee had closed the gas station at which he was employed two hours before the scheduled time, in violation of his employer's express instructions. The route to the station manager's home from the gas station coincided in part with the route to the employee's home. At the time of the accident the employee was on his way to the home of the station manager, in order to deliver the day's receipts. Defendant's employee had purchased his own automobile some two weeks prior to the accident, during which period he had twice taken the day's receipts to the home of the station manager after closing the station at its regular time. There was evidence of the employee's state of mind, involving his declaration of future intention, which would tend to establish that the employee was on his way to the home of the station manager, rather than to his own home.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The question raised by this appeal is whether, on the facts as briefly outlined, the plaintiff has produced sufficient evidence to justify a jury finding that, at the time of the accident, defendant's employee was acting within the scope of his employment, in which case the defendant would be liable for the plaintiff's decedent's injuries under the doctrine of *respondeat superior.* The applicable doctrine is the so-called dual-purpose rule, recently reaffirmed in *Burchett v Delton-Kellogg School,* 378 Mich 231 (1966). Simply stated, the rule provides that an employer is liable for the torts of his servant committed while going to or coming from work, if the employee's trip involved a service of benefit to the employer. In this case, it was clear from the testimony that the day's receipts could not safely be left in the defendant's gas station. The evidence indicates that, every night, the station manager usually made a 14-mile trip from her home to the station in order to collect the receipts and take them to her home to safeguard them. Defendant's employee was, therefore, acting prudently in refusing to leave the day's receipts in an unattended gas station, and in delivering them to the station manager was performing a service of benefit to the defendant, which someone else would have had to do, if the employee in question had not done so. The fact that, in closing the station two hours early, the employee violated his specific instructions does not change this result. *Loux v Harris,* 226 Mich 315 (1924). In performing an act of benefit to his employer, the employee in question was acting within the scope of his employment.

The trial court erred in granting a directed verdict for the defendant.

Reversed and remanded, with instructions to the

trial court to permit the plaintiff to proceed with his proofs and, conceivably, to submit the case to the jury, with appropriate instructions.