McLAUGHLIN v GREAT LAKES CONTRACTING CO. OF DETROIT

Docket No. 77-1994. Submitted March 14, 1978, at Detroit.—Decided April 21, 1978.

Edward J. McLaughlin brought an action for damages in Macomb Circuit Court against Great Lakes Contracting Co. of Detroit alleging negligence in the maintenance of a roadway which plaintiff claimed was subject to defendant's supervision for construction purposes. The basic issue at trial was whether defendant was negligent in failing to place barricades or post signs around a pier cap which defendant left on a service drive to a freeway then under construction. Defendant denied any negligence and asserted the affirmative defense of contributory negligence. Judgment of no cause of action for defendant, Edward J. Gallagher, J. Plaintiff appeals. *Held:*

1. The exclusion of evidence which was relevant for the purpose of establishing defendant's duty to the general public, whether the risk of harm it created was reasonable or unreasonable and the exclusion of testimony which would lend weight to defendant's assertion of contributory negligence is inconsistent with substantial justice and mandates reversal where the Court of Appeals is unable to determine whether a jury verdict was based on a defendant's lack of negligence or contributory negligence of a plaintiff.

2. Exclusion of evidence of subsequent repairs constitutes reversible error where the evidence is otherwise relevant, would not offend policy considerations in favor of encouraging repairs and the remedial action is not taken at the direction of a party plaintiff.

Reversed and remanded for a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence § 69.

[2] 57 Am Jur 2d, Negligence §§ 58, 94.

[3] 57 Am Jur 2d, Negligence §§ 67, 68, 78.

[4] 57 Am Jur 2d, Negligence § 295 *et seq.*

[5, 6] 29 Am Jur 2d, Evidence §§ 275, 628.

Admissibility of evidence of repairs, change of conditions, or precautions taken after accident. 64 ALR2d 1296.

1. NEGLIGENCE—UNREASONABLE RISK—FORESEEABILITY—DEGREE OF
   CARE—POSSIBLE CONSEQUENCES.

   An unreasonable, foreseeable risk of harm must exist in order for
   there to be negligence and in determining the degree of care
   required, both the extent of the possible consequences caused
   by the risk must be considered as well as its probability.

2. NEGLIGENCE—REASONABLENESS—FORESEEABILITY—JURY QUESTION.

   Reasonableness, as foreseeability, is normally a question for the
   jury to determine in negligence actions.

3. NEGLIGENCE—STANDARD OF CARE—EVIDENCE—PRUDENT MAN—
   REASONABLE OR UNREASONABLE RISKS.

   The standard of care which is required in any negligence case is
   that of a reasonably prudent man acting under the same or
   similar circumstances and it is error to exclude evidence which
   is relevant to establish the extent of duty which a defendant
   owes to the general public or whether the risk of harm created
   by the defendant was reasonable or unreasonable.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—JURY VERDICT—SUB-
   STANTIAL JUSTICE—APPEAL AND ERROR—COURT RULES.

   The exclusion of testimony which lends weight to a defendant's
   assertion of contributory negligence is inconsistent with sub-
   stantial justice and reversal is mandated where the Court of
   Appeals is unable to determine whether a jury verdict was
   based on lack of negligence of the defendant or due to contribu-
   tory negligence of the plaintiff (GCR 1963, 529.1).

5. NEGLIGENCE—EVIDENCE—SUBSEQUENT REPAIRS—ADMISSIBILITY.

   Generally, evidence of subsequent repairs is inadmissible to show
   negligence; however, such a policy is not present where imposi-
   tion of liability is not sought against the person taking the
   remedial action.

6. NEGLIGENCE—EVIDENCE—SUBSEQUENT REPAIRS—ADMISSIBILITY—
   ERROR.

   The admission of evidence of subsequent repairs to prove negli-
   gence is limited to situations where: (1) evidence of the subse-
   quent remedial action is otherwise relevant, (2) admission of
   the evidence would not offend policy considerations in favor of
   encouraging repairs, and (3) the remedial action is not under-
   taken at the direction of a party plaintiff; a trial court's
   exclusion of evidence of subsequent remedial action where all
   three of these requirements are met constitutes reversible
   error.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiff.

*Sommers, Schwartz, Silver, Schwartz & Tyler,* for defendant.

Before: R. M. Maher, P. J., and V. J. Brennan and N. J. Kaufman, JJ.

Per Curiam. Plaintiff sued defendant alleging negligence in the maintenance of a roadway which plaintiff claimed was subject to defendant's supervision for construction purposes. Defendant answered plaintiff's complaint denying negligence and asserting the affirmative defense of contributory negligence. At the conclusion of the trial a verdict of no cause of action in favor of defendant was reached and plaintiff appeals as a matter of right.

The basic issue at trial was whether defendant was negligent in failing to place barricades or post signs around a "pier cap" which defendant left on 11 Mile Road on October 24, 1972. Apparently, this section of highway was a service drive to a freeway then under construction. A pier cap is a structure set on columns to support the beams for a bridge. This pier cap was made from reinforced steel, was 40 inches high, three to four feet wide and 40 feet in length.

It was plaintiff's theory that defendant should have placed barricades around the pier cap when they knew or should have known that vehicles were traveling on that portion of the pavement.

J. Frederick Charbonneau, a resident of the area where the accident occurred, testified that there were no barrels near the site of the accident. He stated that Meredith Street was barricaded the night of the accident and was unsure about Grob-

bel and Milton Streets. He thought that Haverhill, another street leading onto 11 Mile Road, was open. He testified that there was plenty of room off the road for the pier cap.

A special record was made regarding vehicular traffic on 11 Mile Road on days prior to the accident. The special record indicates that on days prior to the accident, vehicles (other than construction vehicles) had used the roadway section where the accident later took place. Three residents of the area, J. Frederick Charbonneau, Dorothy Charbonneau and Christine Berent all testified that they saw vehicles, other than construction vehicles, on the road where the accident took place, at times previous to the date of the accident. This evidence was barred by the trial court. Plaintiff argues that this ruling constituted reversible error. We agree.

In order for there to be negligence, there must exist an unreasonable, foreseeable risk of harm. *Samson v Saginaw Professional Building, Inc,* 393 Mich 393, 404; 224 NW2d 843 (1975). In determining the degree of care required, both the extent of the possible consequences caused by the risk must be considered, as well as its probability. *Samson, supra* at 407. The Supreme Court acknowledged that:

"reasonableness, as foreseeability, is normally a question for the jury to determine." 393 Mich at 407.

We hold that the trial judge erred in excluding from jury consideration the evidence of prior traffic on the roadway. If motorists had previously used the roadway, the chances that they would do so on future dates, including the date of plaintiff's

accident, is increased. This evidence thus tends to prove that defendant knew or should have known that vehicles were using the section of roadway where the accident took place and is relevant for purposes of establishing the extent of duty which defendant owed to the public generally. Or put another way, this evidence is relevant for purposes of establishing if the risk of harm created by leaving the pier cap on the roadway was reasonable or unreasonable. The standard of care which is required in any negligence case is that of the "reasonably prudent man acting under the same or similar circumstances." *Wamser v N J Westra & Sons, Inc,* 9 Mich App 89, 93; 155 NW2d 871 (1967).

Therefore, the exclusion of this testimony lent weight to defendant's assertion of contributory negligence. As it is impossible for this Court to determine whether the jury verdict was based on lack of negligence of defendant or due to contributory negligence of plaintiff, we find this exclusion to be "inconsistent with substantial justice". GCR 1963, 529.1. Reversal is therefore mandated.

A separate record was also taken of testimony regarding precautionary measures taken after the date of the accident. Mr. Charbonneau testified that within a day or two of the accident, a barricade and flashing arrow were put on 11 Mile Road. Ms. Charbonneau testified that the pier cap was taken off the road the next day and that 11 Mile Road was totally blocked at Haverhill. Ms. Berent also stated that 11 Mile Road was blocked off after the date of the accident. The trial court refused to allow this evidence to go before the trier of fact.

On appeal and at trial, both parties conceded that these subsequent precautionary measures

were performed by Midwest Bridge Co., who is no longer a party to this litigation.[1]

We note that, as a general rule, evidence of subsequent repairs is inadmissible to show negligence. *Grawey v Board of Road Commissioners of the County of Genesee,* 48 Mich App 742, 749; 211 NW2d 68 (1973), *lv den* 390 Mich 814 (1973). However, in *Denolf v Frank L Jursik Co,* 395 Mich 661; 238 NW2d 1 (1976), the Supreme Court held that such a policy is not present "where imposition of liability is not sought against the person taking the remedial action". *Denolf, supra* at 667. The admission of such evidence was permitted in *Denolf* to prove negligence, but was limited to situations where: 1) evidence of the subsequent remedial action is otherwise relevant; 2) admission of the evidence would not offend policy considerations in favor of encouraging repairs; and 3) the remedial action is not undertaken at the direction of a party plaintiff.

As all three of these requirements are met in the present case, the trial court's exclusion of evidence of subsequent remedial action also constitutes reversible error.

To assist the trial court on retrial, we note that plaintiff's attorney attempted to ask a hypothetical question[2] of the State Highway Department engi-

---

[1] Midwest Bridge Co. was originally sued by plaintiff but it settled with plaintiff.

[2] The question that plaintiff's attorney attempted to ask Robert Coe was:

"I want you to assume that on the 24th day of October, 1972, that either Milton or Grobbel were open, that traffic could get on the service drive, and that a subcontractor had built this pier cap, using reinforcing rods, and had completed the pier cap at approximately 4:30 in the afternoon, and according to the foreman of the subcontractor, put one barrel at the northeast end of the pier cap, without any blinking lights, just a striped barrel. If you saw that condition to exist on the 24th day of October, 1972, when you left the project, what would you do, if anything, as a project engineer?"

neer on this construction project. The question's assumption, that either Milton or Grobbel Streets was left open, was based upon the witness's own testimony and upon plaintiff's testimony that he had turned from a side street onto 11 Mile Road without encountering any barricades. The trial court sustained defendant's objection to the question on the ground that there was no evidence supporting the assumption that either Grobbel or Milton Streets were open to traffic.

Although it was not conclusively proven whether Milton or Grobbel Streets provided access to 11 Mile Road, the evidence would tend to establish that such was the case. We hold that plaintiff is correct in contending that the name of the street which was open is actually irrelevant, as plaintiff's case is predicated upon defendant's duty to barricade the pier cap, assuming that access to the pier cap was possible from one of the side streets.

Reversed and remanded for a new trial.