ROMEO v VAN OTTERLOO

Docket No. 54245. Submitted October 9, 1981, at Detroit.—Decided
June 22, 1982. Leave to appeal applied for.

Ernst & Whinney, a copartnership, held a party for one of its
corporate clients. It authorized some of its employees, including
John N. Van Otterloo, to host the party. During the party Van
Otterloo consumed alcoholic beverages and, as he was driving
home, he crossed a highway median and collided with two
other vehicles, fatally injuring one of the drivers, Thomas M.
Romeo. A subsequent test showed Van Otterloo's blood alcohol
content to be .17%. Beth Ann Romeo, administratrix of the
estate of Thomas M. Romeo, brought an action for wrongful
death against Van Otterloo, Ernst & Whinney, and others.
Plaintiff's claim against defendant Ernst & Whinney was based
upon two theories: respondeat superior, under which the em-
ployer is liable for the conduct of its employee, and that the
employer was negligent by failing to supervise its employees at
the party and by failing to provide Van Otterloo with an
alternative means of transportation. The Oakland Circuit
Court, William J. Beer, J., granted summary judgment in favor
of Ernst & Whinney, holding that the claim against the em-
ployer was barred by the exclusive remedy of the dramshop act
and that, further, respondeat superior was inapplicable because
Van Otterloo was not acting within the scope of his employ-
ment at the time of the accident. Plaintiff appeals. *Held:*

1. The allegations of plaintiff's complaint stated sufficient
facts to raise the question of whether Van Otterloo was acting
in the course of his employment. The test is whether the

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading § 231.
  73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 53 Am Jur 2d, Master and Servant § 417.
[3] 53 Am Jur 2d, Master and Servant § 427.
[4] 45 Am Jur 2d, Intoxicating Liquors §§ 566, 586.
  53 Am Jur 2d, Master and Servant § 422.
[5] 57 Am Jur 2d, Negligence § 33.
[6] 57 Am Jur 2d, Negligence § 54.
[7] 53 Am Jur 2d, Master and Servant § 422.

employer created the necessity for the employee's trip and derived a benefit therefrom. The plaintiff alleged that the party was held for the furtherance of the employer's business and that Van Otterloo acted as host on his employer's behalf. It cannot be said that plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. Thus, summary judgment on the basis of the inapplicability of respondeat superior was improper.

2. The trial court erred in concluding that the action was precluded by the dramshop act. The act is not applicable to this case.

3. The facts as alleged were sufficient to state a cause of action for negligent supervision of Van Otterloo by the employer. Summary judgment on this claim was improper.

Reversed and remanded.

CYNAR, J. concurred, but wrote separately to point out that the mere fact that Van Otterloo was hired as a party host would not be sufficient to support a finding of negligent supervision. He would hold that the plaintiff must prove that the employer knew or should have known that Van Otterloo could not be trusted with the responsibility which he was given.

### OPINION OF THE COURT

1. MOTIONS AND ORDERS — SUMMARY JUDGMENTS.

A motion for summary judgment based on failure to state a claim upon which relief may be granted tests the legal sufficiency of the complaint and is to be evaluated on the pleadings alone, taking as true the factual allegations of the complaint along with any inferences or conclusions which may be fairly drawn therefrom; unless the claim is so cleary unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied (GCR 1963, 117.2[1]).

2. MASTER AND SERVANT — RESPONDEAT SUPERIOR.

The essence of the doctrine of respondeat superior is that the acts of an employee committed during the course of his employment are legally the acts of the employer.

3. MASTER AND SERVANT — SCOPE OF EMPLOYMENT — EMPLOYEE IN TRANSIT.

The test for determining whether an employee in transit is within the scope of his employment is: If the work of the employer creates the necessity for travel, the employee is in the course of his employment; if, however, the work is merely incidental to the travel, and the trip would not have been made

but for the private purpose of the employee, he is out of the scope of his employment in making it.

4. Intoxicating Liquors — Dramshop Act — Statutes.

The dramshop act provides the exclusive remedy for recovery for injuries arising out of the unlawful sale, giving away or furnishing of intoxicating liquor by licensed retailers of beer, wine or spirits for consumption on the premises and by other specially designated merchants; the act does not preclude an action against an employer, not a liquor retailer, whose intoxicated employee caused plaintiff's damages where the complaint was based on the employer's failure, under the circumstances, to properly supervise its employee and to provide the employee with transportation other than the employee's automobile (MCL 436.22; MSA 18.993).

5. Negligence — Duty.

The threshold element in a negligence case is that there must exist a duty or obligation recognized by law requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; unless a defendant owes such a duty to a plaintiff, negligence analysis can proceed no further.

6. Negligence — Risk of Harm.

There must be an unreasonable, foreseeable risk of harm in order for negligence to exist.

Concurrence by Cynar, J.

7. Master and Servant — Negligent Supervision — Sufficiency of Evidence.

*The mere fact that a person was hired as a party host where alcohol would be served is insufficient to support a finding of negligent supervision where the employee subsequently became intoxicated and caused harm to the plaintiff; it must be shown that the employer knew or should have known that the employee could not be trusted with the responsibility which he was given by the employer.*

*Leonard Lemberg* and *Gromek, Bendure & Thomas* (by *James G. Gross),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Raymond W. Morganti),* for defendant Ernst & Whinney.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS and CYNAR, JJ.

N. J. KAUFMAN, P.J. Plaintiff appeals from an order of summary judgment in favor of defendant Ernst & Whinney (hereinafter defendant) based on plaintiff's failure to state a cause of action, GCR 1963, 117.2(1).

Plaintiff's wrongful death action arose out of an automobile accident that occurred at approximately 2:30 a.m. on the morning of April 6, 1978. On April 5, 1978, defendant held a party for one of its corporate clients to further the business relationship with that client. Defendant authorized a number of its employees and representatives, including John Neil Van Otterloo, to host the event. In the course of discharging this responsibility, Van Otterloo was present at the party from 6:00 p.m. until 2:15 a.m., during which time he drank alcoholic beverages. While he was driving home, Van Otterloo crossed the center median of the highway and collided with two vehicles, fatally injuring the driver of one of the vehicles, plaintiff's husband, Thomas Romeo. A subsequent blood test revealed that Van Otterloo had a blood alcohol content of .17%.

Plaintiff's claim against defendant is based upon two theories. First, plaintiff contends that defendant is liable under the doctrine of respondeat superior for the conduct of its employee, Van Otterloo. Second, plaintiff alleges that defendant was itself negligent by failing to supervise its employees and guests at the function and in failing to provide an alternate means of transportation for Van Otterloo.

In an opinion filed September 9, 1980, the trial

court ruled that plaintiff's negligence claim was barred by the exclusive nature of the dramshop act, MCL 436.22; MSA 18.993. Moreover, the trial court stated that the theory of respondeat superior was inapplicable since Van Otterloo had left the party prior to the accident and was, therefore, not acting within the scope and course of his employment.

A motion for summary judgment under GCR 1963, 117.2(1) tests the legal basis of the complaint, so it is to be evaluated on the pleadings alone. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may be fairly drawn. *Weckler v Berrien County Road Comm,* 55 Mich App 7, 9; 222 NW2d 9 (1974). Unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should be denied. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

The essence of the doctrine of respondeat superior is that the acts of an employee committed during the course of his employment are legally the acts of the employer. *Gifford v Evans,* 35 Mich App 559, 568; 192 NW2d 525 (1971). In the present case, there is no dispute over the fact that John Neil Van Otterloo was an employee of defendant at the time of the accident or over whether that fact was sufficiently alleged in plaintiff's complaint. Rather, defendant argues, and the trial court ruled, that since Van Otterloo was on his way home from the party he was, as a matter of law, not acting within the scope of his employment. We disagree and reverse.

In *Ten Brink v Mokma,* 13 Mich App 85, 87; 163 NW2d 687 (1968), this Court cited with approval

the following test from Blashfield[1] for determining whether an employee in transit is within the scope of his employment:

" 'If the work of the employer creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. If, however, the work is merely incidental to the travel, and the trip would not have been made but for the private purpose of the servant, he is out of the scope of his employment in making it.' "

Stated in another way, if the employee's trip involves a service of benefit to the employer, the employer is liable for the torts of the servant while going to or coming from work. *Kester v Mattis, Inc,* 44 Mich App 22, 24; 204 NW2d 741 (1972).

We believe the allegations of plaintiff's complaint stated sufficient facts to satisfy this test. The complaint alleged that the function, although a party, was held for the furtherance of defendant's business, and that Van Otterloo acted on defendant's behalf as a host of the affair. The party was conducted outside of normal business hours and at a separate location from defendant's normal place of business. The natural inference to be drawn from these facts is that defendant created the necessity for Van Otterloo's travel and derived a benefit from his trip. Thus, it cannot be said that plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.

Under like circumstances in *Rowe v Colwell,* 67 Mich App 543; 241 NW2d 284 (1976), this Court held allegations in the plaintiff's pleadings to be

---

[1] 5 Blashfield's Cyclopedia of Automobile Law & Practice (perm ed), § 3034, pp 374, 375.

sufficient to withstand a motion for summary judgment under GCR 1963, 117.2(1), although the Court sustained a grant of summary judgment under GCR 1963, 117.2(3). There, a bank employee attended an open house party and dinner held by one of the bank's clients, consuming alcoholic beverages at each engagement. The employee later consumed more alcohol at the home of a bank vice president and, while proceeding homeward, struck the plaintiff with his automobile. This Court held that it could be concluded from the allegations in the complaint that the employee acted at the various functions in furtherance of the past and future business relationships of the bank. This Court upheld summary judgment under GCR 1963, 117.2(3) based on the fact that the employee's later visit to the vice president's home was purely social and unrelated to his job assignment. Nonetheless, the Court stated:

"Our conclusion does not go so far as to hold that in off-hours social engagements an employee *as a matter of law* is not within the scope of his employment. We can conceptualize instances where a jury question would be presented, as for example, a social occasion where some business was transacted. We hold only that on the file presented in this case defendant Colwell was not so acting." (Emphasis in original.) 67 Mich App 555.

See, also, *Long v Curtis Publishing Co,* 295 Mich 494; 295 NW 239 (1940). In view of facts alleged in plaintiff's complaint we can only conclude that the trial court erred in granting summary judgment with regard to plaintiff's respondeat superior claim.

Plaintiff also argues that the trial court erred in summarily disposing of her allegations of negligence against defendant. The essence of plaintiff's

negligence claim is that defendant failed to properly supervise Van Otterloo at the party and failed to provide alternate transportation home for its employees attending the function.

Initially, we reject the trial court's conclusion that plaintiff's action is foreclosed by the exclusive nature of the dramshop act, MCL 436.22; MSA 18.993. The dramshop act provides the exclusive remedy for recovery for injuries arising out of the unlawful sale, giving away, or furnishing of intoxicating liquor by licensed retailers of beer, wine, or spirits for consumption on the premises and other specially designated merchants. *Manuel v Weitzman,* 386 Mich 157; 191 NW2d 474 (1971). However, because defendant is not a liquor retailer, liability here may not be premised on the provisions of the act. *Guitar v Bieniek,* 402 Mich 152, 166-167; 262 NW2d 9 (1978). Nonetheless, in the instant case, plaintiff is attempting to state a common-law cause of action distinct from that under the dramshop act; plaintiff does not seek to hold defendant liable for the unlawful furnishing of liquor to Van Otterloo, but rather for defendant's failure, under the circumstances, to properly supervise its employee and provide him with other means of transportation. We conclude, therefore, that such a cause of action is not precluded by the dramshop act.

A second and separate question is presented here, namely, whether this jurisdiction will recognize such a cause of action for negligence. The question translates into whether we recognize the existence of a duty to act in such a situation. As stated in *Cook v Bennett,* 94 Mich App 93, 97-98; 288 NW2d 609 (1979):

"The threshold element in a negligence case is that there must exist a duty, or obligation, recognized by law, requiring the actor to conform to a certain stan-

dard of conduct for the protection of others against unreasonable risks. *Holloway v Martin Oil Service, Inc,* 79 Mich App 475; 262 NW2d 858 (1977). Unless defendant owes a duty to plaintiff, negligence analysis can proceed no further, *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977)."

As a general rule, an actor is not liable to an innocent bystander to take affirmative action to use care to control the conduct of a third person when he has the physical ability to do so but no other legal responsibility for that conduct. 2 Harper & James, The Law of Torts, § 18.7, p 1054. Exceptions to the general rule exist nonetheless.

"There are, however, situations in which 'a previous course of action, not in itself creating risks to others, may have brought the actor into certain socially recognized relations with others which are of such a character as to require affirmative acts to protect them from risks which the person thus required to act had no part in creating'. Where such a duty exists, it is only an obligation to use reasonable care, not an absolute one to control the other person's conduct at all events. A duty to control the conduct of others may be brought into play by a relationship between the actor and the person who causes the injury, or between the actor and the victim of the injury." Harper & James, *supra,* pp 1054-1055. (Footnotes omitted.)

An example of the occurrence of such a duty is an employer's duty to supervise the activity of his servant or agent.[2] An instructive case involving

---

[2] Restatement Agency, 2d, § 213, p 458, 461 provides:

"§ 213. Principal Negligent or Reckless

"A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

*    *    *

"(c) in the supervision of the activity; or

*    *    *

such a duty is *International Distributing Corp v
American Dist Telegraph Co,* 186 US App DC 305;
569 F2d 136 (1977). There, the court reversed a
summary judgment dismissing the plaintiff's claim
of negligent supervision. The defendant provided
the plaintiff with a burglar alarm service, the
conduct of which gave the defendant's employees
access to the plaintiff's liquor store. Two of the
employees repeatedly stole large quantities of li-
quor from the premises. In concluding that a cause
of action for negligent supervision was sufficiently
presented, the court stated:

"On the record established to date in this case, a jury
could reasonably conclude that ADT did not exercise
reasonable care to supervise its employees. The thieves
were able to bypass the alarm system and enter the
protected premises at will, conducting a burglary of one
of ADT's customers nearly every other day and looting
IDC's store ten to fifteen times. A jury might conclude
from these facts that the occasional spot checks con-
ducted by ADT were inadequate in view of the ease
with which employees could conduct major thefts. Con-
sequently, the summary judgment on the tort counts
must be reversed and the case remanded for trial." 186
US App DC 308-309; 569 F2d 139-140.

The instant situation is an analogous one. In
*International Distributing Corp, supra,* the defen-
dant's conduct in hiring the particular employees

---

"Comment: * * *

"g. *Inadequate regulations.* A master is negligent if he fails to use
care to provide such regulations as are reasonably necessary to
prevent undue risk of harm to third persons or to other servants from
the conduct of those working under him. * * * One who engages in
an enterprise is under a duty to anticipate and to guard against the
human traits of his employees which unless regulated are likely to
harm others."

See, also, Seavy, Law of Agency, § 82B, p 138; Restatement Torts, 2d,
§ 317.

and giving them access to the customer's premises, done in furtherance of the defendant's business, created the risk of harm to the plaintiff. Here, in order to further its business, defendant required Van Otterloo to play the role of party host in circumstances where the possibility of alcohol consumption could be presumed. In doing so, defendant created the risk that Van Otterloo would become intoxicated and endanger others, including those in his path as he traveled home. These circumstances, as alleged in plaintiff's complaint, were sufficient to state a cause of action for negligent supervision by defendant of Van Otterloo. The trial court erred in granting summary judgment under GCR 1963, 117.2(1).

In so ruling, we do not intend to prejudge defendant's liability in this regard. In order for negligence to exist there must be an unreasonable, foreseeable risk of harm. *Samson v Saginaw Professional Building, Inc,* 393 Mich 393, 404; 224 NW2d 843 (1975), *McLaughlin v Great Lakes Contracting Co of Detroit,* 82 Mich App 729, 732; 267 NW2d 489 (1978). As the underlying facts of this case are developed, it may well appear that this particular risk was not foreseeable.

Reversed and remanded for further proceedings consistent with this opinion.

J. H. GILLIS, J., concurred.

CYNAR, J. *(concurring).* I concur in the result reached by the majority, but I disagree with the proposition that the instant case is analogous to *International Distributing Corp v American Dist Telegraph Co,* 186 US App DC 305; 569 F2d 136 (1977). By drawing this analogy, the majority implies that the mere fact that Van Otterloo was hired as a party host where alcohol would be

served might be enough to support a finding of negligent supervision. I believe that more must be shown to prove the case. Specifically, plaintiff must prove that defendant knew or should have known that Van Otterloo could not be trusted with the responsibility which he was given by defendant. I assume that this is what is meant by the majority's closing comment about the development of the underlying facts of the case.