## MILLROSS v TOMAKOWSKI

Docket No. 80483. Submitted June 25, 1985, at Detroit.—Decided November 4, 1985. Leave to appeal applied for.

Virginia M. Millross, individually and as next friend of her three minor sons and as personal representative of the estate of her deceased husband, John E. Millross, brought an action in Oakland Circuit Court against Daniel P. Tomakowski, Plum Hollow Golf Club and Lynn Campbell, seeking damages arising out of the death of John E. Millross which resulted from his being struck by an automobile that was being operated by defendant Tomakowski. Count I of plaintiff's amended complaint alleged that Tomakowski was negligent in the operation of the automobile. Count II alleged that Plum Hollow, the employer of Tomakowski and a licensed liquor retailer, was liable under the dramshop act in that, prior to the accident, it has served Tomakowski intoxicants while he was intoxicated and that the accident was a result of that intoxication. Count IV alleged both that Plum Hollow was liable under the doctrine of *respondeat superior* for Tomakowski's negligent driving and that it was also liable on the basis of its failure to properly supervise Tomakowski or to provide Tomakowski with an alternative means of transportation. Plum Hollow moved for accelerated judgment as to the *respondeat superior* claim in Count IV. The motion was granted by the trial court, Alice L. Gilbert, J. Plum Hollow then moved for partial summary judgment as to the failure to supervise or provide transportation claim in Count IV on the basis that plaintiff had failed to state a cause of action upon which relief could be granted because the dramshop claim in Count II was the plaintiff's exclusive remedy against Plum Hollow. That motion was also granted. Tomakowski settled with plaintiff. Plum Hollow settled with plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Master and Servant §§ 441 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Master and Servant § 6.

[2] Am Jur 2d, Appeal and Error § 727.

[3] Am Jur 2d, Intoxicating Liquors §§ 561 *et seq.*
   See the annotations in the ALR3d/4th Quick Index under Civil Damage Act.

on the dramshop count, Count II. Plaintiff appealed arguing that the trial court erred in dismissing the claims alleged in Count IV. *Held:*

1. Insofar as Count IV is based on the doctrine of *respondeat superior,* that claim must fail because the settlement and dismissal of the claims against Tomakowski acted as a release of any claim based solely on *respondeat superior.*

2. The settlement and dismissal of the Tomakowski claim does not act as a release of any claim against Plum Hollow which is based upon an allegation of some independent or concurrent act of negligence on Plum Hollow's part. Accordingly, the settlement and dismissal of the Tomakowski claim did not act as a release of the failure to supervise or provide transportation claim in Count IV, since that claim was based on allegations of independent or concurrent negligence by Plum Hollow.

3. The dramshop claim did not preempt the bringing of the common-law claim for failure to supervise or provide transportation claim. The trial court erred in dismissing the failure to supervise or provide transportation claim of Count IV.

Affirmed in part, reversed in part and remanded.

1. NEGLIGENCE — MASTER AND SERVANT — *RESPONDEAT SUPERIOR* — JOINT TORTFEASORS.

A master or principal who does not actively participate in the negligent conduct of his servant or agent and whose liability is based solely on the doctrine of *respondeat superior* is not technically a joint tortfeasor with his servant or agent, and a valid release of either operates to release the other; however, where the master or principal engages in some independent or concurrent act of negligence, or the master and servant are joint tortfeasors, a release of the servant will not operate to release the master from liability for his or her independent or concurrent negligent acts.

2. APPEAL — RIGHT RESULT FOR WRONG REASON.

The Court of Appeals generally will affirm a trial court's decision arrived at for the wrong reasons so long as the right result is reached.

3. INTOXICATING LIQUORS — DRAMSHOP ACT — STATUTES.

The dramshop act provides the exclusive remedy for recovery for injuries arising out of the unlawful sales, giving away or furnishing of intoxicating liquor by licensed retailers of beer, wine or spirits for consumption on the premises and by other specially designated merchants; the act does not preclude an

action against an employer, even where the employer is a licensed liquor retailer, whose intoxicated employee caused plaintiff's damages where the complaint was based on the employer's failure, under the circumstances, to properly supervise its employee and to provide the employee with transportation other than the employee's automobile (MCL 436.22; MSA 18.993).

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Kathleen L. Bogas*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Roger F. Wardle* and *Timothy F. Casey*), for Plum Hollow Golf Club.

Before: R. M. MAHER, P.J., and BRONSON and D. F. WALSH, JJ.

BRONSON, J. Plaintiff, Virginia Millross, individually, as next friend of her three minor sons, and as personal representative of the estate of her deceased husband, James Edgar Millross, appeals as of right from a grant of partial summary judgment in favor of defendant Plum Hollow Golf Club.

At approximately 11:19 p.m. on June 22, 1981, James Edgar Millross was fatally injured when he was struck by an automobile operated by defendant Daniel Tomakowski. A few minutes before the collision, Millross had been traveling north on Lahser Road. Near the intersection of Ten Mile Road and Lahser in Southfield, Millross witnessed an automobile accident. He pulled his vehicle over to the side of the road and went to offer aid to one of the persons involved in the accident, 19-year-old Suzanne Waffle. Tomakowski, who was proceeding north on Lahser toward Ten Mile Road, did not see Miss Waffle's car and collided with her vehicle, thereby injuring Millross.

Tomakowski was the "caddie master" at defendant Plum Hollow Golf Club. After putting in a full day's work as caddie master, Tomakowski had attended the Evans Scholarship Foundation dinner at Plum Hollow. Tomakowski's attendance at the dinner was a part of his job responsibilities. Cocktails had been served by Plum Hollow personnel to Tomakowski and the other guests prior to the dinner. The accident with Millross occurred when Tomakowski was on his way home from the dinner.

Plaintiff filed her original complaint with the Oakland County Circuit Court in July, 1981. Several amended complaints were filed between 1981 and 1984. For the purposes of this appeal, the only counts which are relevant are: Count I, which alleged that Tomakowski's negligent driving was a proximate cause of plaintiff's injuries; Count II, which alleged that Plum Hollow was liable to plaintiff for injuries sustained as a result of Tomakowski's collision with Millross under the Michigan dramshop act, MCL 436.22 *et seq.;* MSA 18.993 *et seq.;* and Count IV, which alleged that Plum Hollow was liable by reason of *respondeat superior* for Tomakowski's negligent driving and was also liable for the failure to properly supervise Tomakowski or provide Tomakowski with an alternate means of transportation home.

On January 6, 1984, Plum Hollow filed a motion for accelerated judgment for all claims made against Plum Hollow which were "based upon the alleged negligent acts of Partick Tomakowski and founded upon the theory of *Respondeat Superior*". Plum Hollow's motion was granted in an order entered April 25, 1984. Plum Hollow then filed another motion for partial summary judgment on May 4, 1984, under GCR 1963, 117.2(1) [now MCR 2.116(C)(8)], on the remainder of the allegations

contained in Count IV of the fourth amended complaint. Plum Hollow argued that plaintiff's claim that Plum Hollow failed to properly supervise its employees and failed to provide an alternate means of transportation home for Tomakowski was not a claim upon which relief could be granted.

A hearing on Plum Hollow's motion for partial summary judgment was held on June 6, 1984, before the Oakland County Circuit Court. At the conclusion of oral argument, the court determined that plaintiff's negligence claims for lack of proper supervision and failure to provide alternate transportation were precluded by the exclusive remedy provision of the dramshop act. On August 14, 1984, an order was entered granting Plum Hollow's motion for partial summary judgment on Count IV of plaintiff's fourth amended complaint. The order was entered as a final judgment, there being "no just reason for delay". This order is the subject of this appeal.

On August 15, 1984, a consent judgment as to Count II of plaintiff's fourth amended complaint, the dramshop claim, was entered. The judgment indicated that plaintiff and Plum Hollow had reached a settlement in regard to the dramshop claim whereby Plum Hollow would pay plaintiff $591,500. Stipulations and orders were also entered dismissing Count I, the negligence claim against Tomakowski.

Plaintiff now argues that the trial court erred in dismissing the claim based on *respondeat superior* and the claim based on improper supervision or the failure to provide alternate transportation. In essence, plaintiff argues that her claims are well-recognized common-law causes of action which are not preempted by the dramshop statute. We agree with plaintiff that the trial court improperly dis-

missed her claim of improper supervision or failure to provide alternate transportation. For reasons different than the trial court's, however, we must affirm the dismissal of plaintiff's *respondeat superior* claim.

In *Theophelis v Lansing General Hospital,* 141 Mich App 199, 203-204; 366 NW2d 249 (1985), this Court stated:

"[W]here a master or principal does not actively participate in the negligent conduct of the servant or agent, and the master or principal's liability is based solely on the doctrine of *respondeat superior,* the master or principal and servant or agent are not joint tortfeasors, *Geib v Slater,* 320 Mich 316, 321; 31 NW2d 65 (1948), *overruled on other grounds* in *Moore v Palmer,* 350 Mich 363, 394; 86 NW2d 585, 597 (1957); *Willis v Total Health Care of Detroit,* 125 Mich App 612, 617; 337 NW2d 20 (1983), and a valid release of either operates to release the other. *Drinkard v William J Pulte, Inc,* 48 Mich App 67, 76-78; 210 NW2d 137 (1973); *Ravenis v Detroit General Hospital,* 63 Mich App 79, 84; 234 NW2d 411 (1975), *lv den* 395 Mich 824 (1976); *Willis v Total Health Care, supra.* It is also true, however, that where the master or principal engages in some independent or concurrent act of negligence, or the master and servant are joint tortfeasors, a release of the servant will not operate to release the master from liability for his or her independent or concurrent negligent acts. *Witucke v Presque Isle Bank,* 68 Mich App 599, 610-611; 243 NW2d 907 (1976), *lv den* 397 Mich 842 (1976); *Drinkard v William J Pulte, Inc, supra; Willis v Total Health Care, supra.*"

See also *Lincoln v Gupta,* 142 Mich App 615; 370 NW2d 312 (1985).

In the instant case, plaintiff's settlement with and release of Tomakowski also operated to release Plum Hollow from any liability based solely on the doctrine of *respondeat superior.* While the trial court dismissed this claim on the erroneous

premise that the dramshop act was the exclusive remedy, *infra*, this Court will affirm a trial court decision arrived at for the wrong reason so long as the correct result was reached. *Smith v Motorland Ins Co,* 135 Mich App 33, 39; 352 NW2d 335 (1984); *DeSaele v Sterling Heights (On Remand),* 123 Mich App 610, 618; 333 NW2d 496 (1982). The same cannot be said for plaintiff's allegation of improper supervision or failure to provide alternate transportation to Tomakowski. This count, alleging an independent or concurrent act of negligence by Plum Hollow, is not negated by plaintiff's settlement with Tomakowski. We must, therefore, determine whether this count is precluded by the dramshop act.

In *Manuel v Weitzman,* 386 Mich 157, 163; 191 NW2d 474 (1971), our Supreme Court stated:

"The common-law duty of a liquor establishment to maintain a safe place of business for its customers is the same duty any business owes to those it invites upon its premises. The dramshop act was not intended to affect that duty. Dramshop acts were passed because under the common law it was not a tort to sell or furnish intoxicating liquor to an ordinary able-bodied man, even though as a result of his becoming intoxicated injury resulted to himself or to others. Their purpose was to fill a void in the law, not to remove the well-recognized duty of a tavern keeper to exercise due care for the welfare and safety of invited patrons." (Footnote omitted.)

The Supreme Court quoted with approval the language from this Court's opinion in *Devillez v Schifano,* 23 Mich App 72, 77; 178 NW2d 147 (1970):

" '[T]he dramshop act affords the exclusive remedy for injuries arising out of an *unlawful sale, giving away, or furnishing of intoxicants. King v Partridge,* 9 Mich App

540, 543 [157 NW2d 417 (1968)]. However, the act does not control and it does not abrogate actions arising out of unlawful or negligent conduct of a tavern owner other than *selling, giving away, or furnishing of intoxicants,* provided the unlawful or negligent conduct is recognized as a lawful basis for a cause of action in the common law.' " 386 Mich 164-165 (emphasis in original).

While the Court in *Manuel* was addressing whether the dramshop act preempted a common-law premises liability action, we believe the holding in *Manuel* is equally applicable to other recognized common-law negligence actions in addition to premises liability.

A similar issue was presented to this Court in *Romeo v Van Otterloo,* 117 Mich App 333, 336; 323 NW2d 693 (1982). The facts as stated in that opinion were as follows:

"Plaintiff appeals from an order of summary judgment in favor of defendant Ernst & Whinney (hereinafter defendant) based on plaintiff's failure to state a cause of action, GCR 1963, 117.2(1).

"Plaintiff's wrongful death action arose out of an automobile accident that occurred at approximately 2:30 a.m. on the morning of April 6, 1978. On April 5, 1978, defendant held a party for one of its corporate clients to further the business relationship with that client. Defendant authorized a number of its employees and representatives, including John Neil Van Otterloo, to host the event. In the course of discharging this responsibility, Van Otterloo was present at the party from 6:00 p.m. until 2:15 a.m., during which time he drank alcoholic beverages. While he was driving home, Van Otterloo crossed the center median of the highway and collided with two vehicles, fatally injuring the driver of one of the vehicles, plaintiff's husband, Thomas Romeo. A subsequent blood test revealed that Van Otterloo had a blood alcohol content of .17%.

"Plaintiff's claim against defendant is based upon two theories. First, plaintiff contends that defendant is lia-

ble under the doctrine of respondeat superior for the conduct of its employee, Van Otterloo. Second, plaintiff alleges that defendant was itself negligent by failing to supervise its employees and guests at the function and in failing to provide an alternate means of transportation for Van Otterloo."

The trial court in *Romeo* granted summary judgment to defendant on the grounds that plaintiff's action was barred by the exclusive nature of the dramshop act. In reversing the trial court, we stated:

"[W]e reject the trial court's conclusion that plaintiff's action is foreclosed by the exclusive nature of the dramshop act, MCL 436.22; MSA 18.993. The dramshop act provides the exclusive remedy for recovery for injuries arising out of the unlawful sale, giving away, or furnishing of intoxicating liquor by licensed retailers of beer, wine, or spirits for consumption on the premises and other specially designated merchants. *Manuel v Weitzman,* 386 Mich 157; 191 NW2d 474 (1971). However, because defendant is not a liquor retailer, liability here may not be premised on the provisions of the act. *Guitar v Bieniek,* 402 Mich 152, 166-167; 262 NW2d 9 (1978). *Nonetheless, in the instant case, plaintiff is attempting to state a common-law cause of action distinct from that under the dramshop act; plaintiff does not seek to hold defendant liable for the unlawful furnishing of liquor to Van Otterloo, but rather for defendant's failure, under the circumstances, to properly supervise its employee and provide him with other means of transportation. We conclude, therefore, that such a cause of action is not precluded by the dramshop act."* 117 Mich App 340 (emphasis added).

Because the defendant in *Romeo* was not a liquor retailer or licensee, the dramshop act was simply inapplicable. Our statements regarding

plaintiff's cause of action being distinct from the dramshop act were, therefore, dicta. In the instant case, however, defendant is a liquor licensee and the analysis in *Romeo* is clearly applicable. We agree with the statement in *Romeo* that, where plaintiff states a recognized common-law cause of action distinct from the dramshop act, the common-law cause of action is not precluded by the dramshop act.

Nor do we believe, as defendant argues, that *Romeo* is an unwarranted extension of the Supreme Court's rationale in *Manuel v Weitzman, supra.* Several recent opinions of this Court, in addition to *Romeo,* support our conclusion that recognized common-law actions are not preempted by the dramshop act. *Klotz v Persenaire,* 138 Mich App 638, 642-643; 360 NW2d 255 (1984) (a claim based on negligent entrustment of a boat to intoxicated persons is not precluded by dramshop act), *Barrett v Campbell,* 131 Mich App 552; 345 NW2d 614 (1983); *Morris v Markley,* 143 Mich App 12; 371 NW2d 464 (1985), and *Grasser v Fleming,* 74 Mich App 338; 253 NW2d 757 (1977) (a common-law action for gross negligence is not precluded by dramshop act). Contra, *Gregory v Kurtis,* 108 Mich App 443; 310 NW2d 415 (1981); *Lucido v Apollo Lanes,* 123 Mich App 267; 333 NW2d 246 (1983) (no common-law cause of action exists for sale of intoxicants to minor, and therefore dramshop act exclusive remedy).

We hold, therefore, that plaintiff's claim for improper supervision or failure to provide alternate transportation, a recognized common-law claim, is not precluded by the dramshop act. Accordingly, the trial court improperly granted summary judgment to defendant on this count.

Affirmed in part and reversed in part.