# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 24, 2010

140468 & (40)(41)

ALEXIS DANIELS,
          Plaintiff-Appellee,

v

JANET-PETROSKY CLARK,
          Defendant-Appellee,

and

CONSUMER SOURCE, INC., f/k/a
HAAS PUBLISHING COMPANIES, INC.,
          Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 140468
COA: 288403
Oakland CC: 2007-081118-NI

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the December 15, 2009 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action. The motion for stay is DENIED as moot.

YOUNG, J., would reverse the judgment of the Court of Appeals.

MARKMAN, J. (*dissenting*).

I dissent from this Court's denial of leave to appeal because plaintiff, in my judgment, has not set forth sufficient evidence to sustain her respondeat superior claim in this automobile negligence action. Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the decision of the trial court.

The trial court found, and the evidence establishes, that defendant Petrosky-Clark, an employee of defendant Haas Publishing, was driving to work on the morning of the accident to attend a weekly sales meeting. "[A] master is responsible for the wrongful acts of his servant committed while performing some duty within the scope of his

employment." *Murphy v Kuhartz*, 244 Mich 54, 56 (1928). Generally, an employee is not acting within the scope of his or her employment when traveling to and from work. *Thomas v Certified Refrigeration, Inc*, 392 Mich 623, 631 n 3 (1974). Exceptions to this general rule exist where the employee is engaged in a "special mission in the interest of and at the direction of his employer," *LeVasseur v Allen Electric Co*, 338 Mich 121, 123 (1953), or where the employer derives a special benefit from the employee's trip. *Kester v Mattis, Inc*, 44 Mich App 22, 24 (1972). Here, Petrosky-Clark's attendance at a weekly sales meeting, while certainly of benefit to her employer, as would be everything else that she does during the workday, is not the type of "special" benefit contemplated by this exception. As explained in *Stark v L E Myers Co,* 58 Mich App 439, 444 (1975), "If any benefits were so derived, it was not a special benefit to the employer but a benefit common to all employers." That is, Petrosky-Clark went to work as she was required to do, a situation that falls squarely within the general rule that an employee is not acting within the scope of his or her employment when traveling to and from work. Because there was no genuine issue of material fact on this issue, Haas, in my judgment, was entitled to summary disposition, as the trial court so held.

CORRIGAN, J., joins the statement of MARKMAN, J.

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 24, 2010

_Corbin R. Davis_
Clerk